

**NUMBER 13-08-379-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN THE MATTER OF J.C.L., A JUVENILE**

**On appeal from the County Court at Law
of Aransas County, Texas, Sitting as a Juvenile Court.**

**MEMORANDUM OPINION**

**Before Justices Yañez, Garza, and Vela
Memorandum Opinion by Justice Vela**

Appellant, J.C.L., a juvenile, appeals from the trial court's order terminating her probation and sentencing her to an indeterminate term in the Texas Youth Commission until discharge, which shall occur no later than her nineteenth birthday. By a single issue, J.C.L. complains that the termination of her probation and sentence to TYC was "unjustified, unreasonable, inappropriate and disproportionate to the seriousness of the alleged violation of a term and condition of her juvenile probation," all in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See* U.S. Const.

amends. VIII and XIV.  We affirm.

## I. Procedural Background

J.C.L. was placed on juvenile probation on June 6, 2007 for delivery or offer of delivery of a dangerous drug, a state jail felony.  *See* TEX. HEALTH & SAFETY CODE ANN. § 483.042(a), (d) (Vernon 2003).  On three subsequent occasions, the court found that J.C.L. had violated her probation.  Each time, the court modified her probationary terms and increased the sanction level.  On April 24, 2008, J.C.L. was unsuccessfully discharged from the Taylor County Post Adjudication Facility—a violation of her probation.  Thereafter, the State filed a motion to modify J.C.L.'s probation.  At the hearing on the motion to modify, J.C.L. entered a plea of "true" to the allegations that she violated her conditions of probation.  The trial court terminated her probation and sentenced her to an indefinite term in TYC until discharge or no later than her nineteenth birthday.

## II. Analysis

By her sole issue, J.C.L. complains the trial court's order of termination and sentence to TYC is unjustified, unreasonable, inappropriate and disproportionate to the seriousness of the alleged violation of a term and condition of her juvenile probation, in violation of the Eighth and Fourteenth Amendments of the United States Constitution.  *See* U.S. CONST. amends. VIII and XIV.  The record, however, reflects that no objection was made to the sentence either at the time of the hearing or by any post-trial motion.  By failing to object, J.C.L. has waived any complaint on appeal.  *Trevino v. State*, 174 S.W.3d 925, 927-29 (Tex. App.–Corpus Christi 2005, pet. ref'd).

Even if the issue had been preserved, however, the punishment assessed was within the limits prescribed by statute.  *See* TEX. FAM. CODE. ANN. § 54.05(f) (Vernon 2007).

2

Generally, punishment that falls within the limits prescribed by statute is not excessive, cruel, or unusual. *See Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); *Trevino*, 174 S.W.3d at 928.

### III. Conclusion

Having found that no error has been presented for review, we affirm the trial court's judgment.

ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 30th day of October, 2008.