

# NUMBER 13-08-403-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GREGORY SMIKLE,                                              Appellant,

v.

THE STATE OF TEXAS,                                         Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas

# MEMORANDUM OPINION

### Before Justices Yanez, Garza, and Vela
### Memorandum Opinion by Justice Vela

Appellant, Gregory Smikle, appeals from the trial court's order revoking his community supervision and sentencing him to six years' confinement in the Texas Department of Criminal Justice—Institutional Division.   By a single issue, Smikle complains that the sentence was disproportionate to the seriousness of the alleged

violation of community supervision, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amends. VIII and XIV. We affirm.

## I. PROCEDURAL BACKGROUND

On December 13, 2007 Smikle was indicted for the offense of violation of a magistrate's order by committing an assault, a third-degree felony. TEX. PENAL CODE ANN. § 25.07 (a)(1), (g) (Vernon Supp. 2008). He pleaded guilty, and the trial court sentenced him to ten years' confinement in the Texas Department of Criminal Justice—Institutional Division and assessed a $1,000 fine. The trial court suspended the sentence and fine and placed Smikle on community supervision for ten years. On April 29, 2008, the State filed a motion to revoke Smikle's community supervision, alleging that he had violated several of its terms. On May 22, 2008, Smikle pleaded true to the allegations that he violated his conditions of community supervision, and after a hearing, the trial court sentenced him to six years' imprisonment.

## II. ANALYSIS

By his sole issue, Smikle complains the trial court's sentence is disproportionate to the seriousness of the alleged violation of his community supervision, in violation of the Eighth and Fourteenth Amendments of the United States Constitution. *See* U.S. CONST. amends. VIII and XIV. The record, however, reflects that no objection was made to the sentence either at the time of the hearing or by any post-trial motion. By failing to object, Smikle has waived any complaint on appeal. *Trevino v. State*, 174 S.W.3d 925, 927-29 (Tex. App.–Corpus Christi 2005, pet. ref'd).

Even if the issue had been preserved, however, the punishment assessed was within the limits prescribed by statute. *See* TEX. PENAL CODE ANN. § 25.07 (g). Generally, punishment that falls within the limits prescribed by statute is not excessive, cruel, or

unusual.  *See Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); *Trevino*, 174 S.W.3d at 928.

III. CONCLUSION

Having found that no error has been presented for review, we affirm the trial court's judgment.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 18th day of December, 2008.