Hannah T. LOVEJOY, Appellant,

v.

Freddrick LILLIE et al., Appellees.

No. 1127.

Court of Civil Appeals of Texas, Tyler.

June 8, 1978.

Rehearing Denied July 13, 1978.

Monroe K. Walter, Bellaire, for appellant.

J. Richard Hall, Houston, for appellees.

DUNAGAN, Chief Justice.

This is a case to determine the heirship of the estate of Freddy Cooper Lovejoy, deceased. The decedent, Freddy Cooper Lovejoy, died on or about December 15, 1971, in Houston, Texas, intestate. On or about August 1, 1973, temporary administration was taken out on his estate by Hannah Thompson Lovejoy, the last woman to whom he was ceremonially married prior to his death. On February 27, 1974, the administratrix filed her application for determination of heirship and an attorney ad litem was appointed to represent the unknown heirs therein. Contestants appeared as follows:

1. Ruth Roberts Bellare, claiming to be the common-law wife of Freddy Cooper Lovejoy;

2. Elroy Lovejoy, claiming to be a surviving son;

3. Mrs. Philonis Lillie, claiming to be the common-law wife of the decedent;

4. Freddrick Lillie, son of Philonis Lillie and the decedent, claiming to be a surviving son; and

5. Mary Elizabeth Lillie, daughter of Philonis Lillie and the decedent, claiming to be his surviving daughter.

The probate court sitting without a jury entered judgment that the appellant was the surviving spouse and the three adult offspring of the two purported common-law wives were entitled to inherit from the decedent according to the laws of descent and distribution of the State of Texas.

The appellant brings forward three points of error asserting that these three adults, found to be the children of Freddy Cooper Lovejoy, are not entitled to inherit one-half of decedent's estate. The appellant's first point of error merely contends that the three adult children named here are not entitled to inherit from the decedent's estate. No reason for such contention is given. The appellant's second and third points of error involve the theory of adoption by estoppel or equitable adoption, the appellant merely asserting that there is insufficient evidence or no evidence to support a recovery based on this theory.

The appellee asserts that there are three theories upon which the judgment of the trial court may be affirmed. The first involves a recent decision by the Supreme Court of the United States entitled *Trimble v. Gordon,* 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31, 1977, holding that an illegitimate child must be treated equally to a legitimate child when determining the method of descent and distribution of intestate property. Section 42 of the Texas Probate Code treats an illegitimate child the same as if it were the legitimate child of his mother but does not treat an illegitimate child as if he were the legitimate child of his father. The trial court in its conclusions of law held that Section 42 of the Texas Probate Code was unconstitutional to the extent that the section violated the decision in *Trimble v. Gordon,* supra. The appellant asserts that *Trimble v. Gordon,* supra, was a case decided after the application for probate which is the subject of this suit and, therefore, should not be applied in this case. The *Trimble* case was decided after the application for probate was filed,

but it was decided prior to the time the judgment was rendered and signed. However, it is immaterial, in our opinion, as to what stage of the proceedings of the instant case the decision in the *Trimble* case was delivered.

■ In *Trimble v. Gordon,* the U.S. Supreme Court, basing its opinion on the equal protection clause of the 14th Amendment to the United States Constitution, struck down a provision of the Illinois Probate Act under which illegitimates were permitted to inherit by intestate succession from their mothers only, whereas legitimates could inherit from both their fathers and their mothers. The rationale of the decision is that such discrimination does not bear a reasonable relation to the legitimate legislative aims. The Court rejected the argument that difficulties of proving paternity in some situations justified the discriminatory provisions of the Act.

■ The *Trimble* case is indistinguishable from the present attack on section 42 of the Texas Probate Code. No difficulty in establishing paternity exists here since the court below has found that the children involved were the biological children of the decedent. We are of the opinion that *Trimble,* being the supreme law of the land, is not only applicable but is controlling the case at bar.

Appellant argues that the constitutional issue was waived by appellees in the trial court because they failed to plead the same and, therefore, such issue is not subject to review by this court. We disagree.

■ It is the well established law in this state that the court will always adjudicate whether a statute is constitutional when its unconstitutionality is obvious and apparent, regardless of when or how the question is raised. *Smith v. Decker,* 158 Tex. 416, 312 S.W.2d 632, 636 (1958); *Gann v. Keith,* 151 Tex. 626, 253 S.W.2d 413, 417 (1952); *Gohlman, Lester & Co. v. Whittle,* 114 Tex. 548, 273 S.W. 808, 812 (1925). This rule applies even though the alleged unconstitutionality of a statute is not pled. *Houston Chronicle Publishing Company v.*

*City of Houston,* 531 S.W.2d 177 (Tex.Civ. App.—Houston [14th Dist.] 1975) writ ref'd n. r. e. 536 S.W.2d 559 (Tex.). Also appellate courts may consider fundamental errors though they are not assigned. *McCauley v. Consolidated Underwriters,* 157 Tex. 475, 304 S.W.2d 265 (1957); *Ramsey v. Dunlop,* 146 Tex. 196, 205 S.W.2d 979, 982–83 (1947). Ordinarily fundamental errors are those errors which directly or adversely affects the interest of the public generally or errors in assuming jurisdiction where none exists. *City of Baytown v. Townsend,* 548 S.W.2d 935, 941 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n. r. e.); *Magic Chef, Inc. v. Sibley,* 546 S.W.2d 851, 858–59 (Tex.Civ.App.—San Antonio 1977, writ ref'd n. r. e.); *Douthit v. McLeroy,* 539 S.W.2d 351 (Tex.1976); *McCauley v. Consolidated Underwriters,* supra; *Ramsey v. Dunlop,* supra. The section of the Texas Probate Code here under attack on constitutional grounds does affect the interest of the public generally.

■ Since section 42 of the Texas Probate Code treats an illegitimate child the same as if it were the legitimate child of his or her mother but does not treat such child as if he or she were the legitimate child of his or her father, it violates the equal protection clause of the 14th Amendment of the United States Constitution by invidiously discriminating against illegitimate children. *Trimble v. Gordon,* supra. This statutory discrimination as contained in section 42 of the Texas Probate Code against illegitimate children is unconstitutional to the extent that it conflicts with the *Trimble v. Gordon* decision.

■ Upon request, the court filed findings of fact and conclusions of law wherein the court found that Freddy Cooper Lovejoy was the biological father of the three children named herein, which finding the appellant did not challenge. As a result, appellants are bound by those findings of fact. *Texas State Board of Pharmacy v. Gibson's Discount Center, Inc.,* 541 S.W.2d 884, 886 (Tex.Civ.App.—Austin 1976, writ ref'd n. r. e.); Rule 296, Tex.R.Civ.P.

In view of the disposition we have made of this appeal, it renders unnecessary a discussion of appellant's other points presented concerning adoption by estoppel.

The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING

Appellant in her motion for rehearing asserts that we were in error in holding that she did not challenge the finding of the trial court to the effect that the decedent was the biological father of Freddy Cooper Lovejoy, Freddrick Lillie and Mary Elizabeth Lillie. To support this contention appellant relies upon the third paragraph of her requested conclusions of law contained in her request for additional findings of fact and conclusions of law.

Appellant has mistaken such holding to refer to a challenge in the trial court. To clarify the holding we now specifically state that such holding was in reference to no challenge of such finding of fact on appeal.

■ The finding of fact, here in controversy, made by the trial court was not challenged by appellant in her brief on appeal. The question was not preserved. Therefore, the assignment of error has been abandoned and cannot be considered by this court, where, as here, no fundamental error appears. It is necessary that material findings of fact be challenged by appropriate points in appellant's brief or else the appellant is bound by the findings of fact. Since this finding of fact has not been challenged by any point of error, it stands as the proven facts in this case. Accordingly, this court has no jurisdiction to go behind these findings and must accept them as supported by the evidence. *McBurnett v. Gordon,* 534 S.W.2d 370 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.); *Slayton v. White,* 487 S.W.2d 204 (Tex.Civ.App.—Tyler 1972, writ ref'd n. r. e.); *State Farm Mutual Automobile Insurance Company v. Cowley,* 468 S.W.2d 353 (Tex.1971); *Cortez v. Cortez,* 457 S.W.2d 131, 133 (Tex.Civ.App.—San Antonio 1970, n. w. h.); *Bickler v. Bickler,* 403 S.W.2d 354, 361 (Tex.1966); *Waters v. King,* 353 S.W.2d 326, 328 (Tex.Civ.App.—

Dallas 1961, n. w. h.); *Colorado River Western Ry. v. Texas & New Orleans Railroad Co.*, 283 S.W.2d 768, 771 (Tex.Civ.App.—Austin 1955, writ ref'd n. r. e.); *Thompson v. Larry Lightner, Inc.*, 230 S.W.2d 831 (Tex.Civ.App.—San Antonio 1950, writ ref'd n. r. e.).

Appellant's motion and amended motion for rehearing are respectfully overruled.