**Oralia Avila RAMON et al.**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare.**

**Civ. A. No. SA79CA54.**

United States District Court,
W. D. Texas,
San Antonio Division.

July 31, 1980.

Brendan E. Gill, San Antonio, Tex., for plaintiffs.

Jamie C. Boyd, U. S. Atty., by Hugh P. Shovlin, Asst. U. S. Atty., San Antonio, Tex., for defendant.

ORDER

SPEARS, District Judge.

On this day came on for consideration the memorandum and recommendations of the United States Magistrate, together with the plaintiffs' objections thereto and the defendant's response; and it appearing to the Court that there exists substantial evidence to support the findings of the Secretary of Health, Education and Welfare that no common law marriage existed between the plaintiff Oralia Avila Ramon and the deceased wage earner, and that plaintiffs Oralia Avila Ramon and her three minor children Veronica Avila, John Avila, and Diana Avila are not entitled to benefits, the Court finds that the magistrate's report should be approved insofar as these plaintiffs are concerned. The Court notes, however, that the claim of the final plaintiff, Roger Ramon, Jr., rests upon grounds other than the existence of a common law marriage between the plaintiff Oralia Avila Ramon and the deceased wage earner Robert R. Ramon, who is, by the defendant's admission, the natural father of this plaintiff.

Section 416(h)(2)(A) of 42 U.S.C. provides that the Secretary is to apply the intestacy laws of the state as would be applied by the courts of the state wherein the wage earner was domiciled at the time of his death:

In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the court of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the state in which he was domiciled at the time of his death, or, if

such insured individual is or was not so domiciled in any state, by the courts of the District of. Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.

Thus, the relevant inquiry is whether the illegitimate child would have been entitled to share in the inheritance of the wage earner's intestate personal property.

Section 42 of the Texas Probate Code, at the time of the decedent's death in April, 1975, provided that an illegitimate child could inherit from his mother as if he were her legitimate child. However, the illegitimate child could inherit from his father under the laws of intestacy *only* if the father legitimated the child by marrying the child's mother:

> For the purpose of inheritance to, through, and from an illegitimate child, such child shall be treated the same as if he were the legitimate child of his mother, so that he and his issue shall inherit from his mother and from his maternal kindred, both descendants, ascendants, and collaterals in all degrees, and they may inherit from him. Such child shall also be treated the same as if he were a legitimate child of his mother for the purpose of determining homestead rights, the distribution of exempt property, and the making of family allowances. Where a man, having by a woman a child or children shall afterwards intermarry with such woman, such child or children shall thereby be legitimated and made capable of inheriting his estate. The issue also of marriages deemed null in law shall nevertheless be legitimate.

Although this section of the Texas Probate Code was amended in 1977 and again in 1979, the pre-1977 version of § 42 of the Texas Probate Code is applicable to this case. *Allen v. Califano*, 452 F.Supp. 205, 209 (D.Md.1978); *Allen v. Califano*, 456 F.Supp. 168, 170 n.6 (D.Md.1978). See also: Tex.Prob. Code § 37.

In *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), the Su-

preme Court held that an Illinois statute allowing an illegitimate child to inherit in intestacy from his father only if his parents were subsequently married and the father acknowledged the child, violated the Equal Protection Clause of the Fourteenth Amendment because the statute was not "carefully tuned to alternative considerations." The Court held that "(d)ifficulties of proving paternity in some situations do not justify the total statutory disinheritance of illegitimate children whose fathers die intestate." *Id.* at 772. The Court "rejected the argument that a State may attempt to influence the actions of men and women by imposing sanctions on the children born of their illegitimate relationships." *Id.* at 769. It was this requirement of intermarriage of the parents as an absolute precondition to inheritance to which the Court objected:

> (I)mposing disabilities on the illegitimate child is contrary to the basic concept of our system that legal burdens should bear some relationship to individual responsibility or wrongdoing. Obviously, no child is responsible for his birth and penalizing the illegitimate child is an ineffectual—as well as unjust—way of deterring the parent. (citations omitted) The parents have the ability to conform their conduct to societal norms, but their illegitimate children can affect neither their parents' conduct nor their own status. *Id.* at 769–770.

On the basis of the Supreme Court's holding in *Trimble*, the Tyler Court of Civil Appeals held that the pre-1977 version of Section 42 of the Texas Probate Code was unconstitutional. *Lovejoy v. Lillie*, 569 S.W.2d 501 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). Holding that Section 42 was indistinguishable from the Illinois statute in *Trimble*, the court stated:

> Since Section 42 of the Texas Probate Code treats an illegitimate child the same as if it were the legitimate child of his or her mother but does not treat such child as if he or she were the legitimate child of his or her father, it violates the equal protection clause of the 14th Amendment

of the United States Constitution by invidiously discriminating against illegitimate children. (citation omitted) This statutory discrimination as contained in section 42 of the Texas Probate Code against illegitimate children is unconstitutional to the extent that it conflicts with the *Trimble v. Gordon* decision.

Accordingly, this Court finds that the *Trimble* and *Lovejoy* cases alter the law that the courts of Texas would have applied in an intestacy proceeding prior to 1977, and that the courts of the state would, in the opinion of this Court, follow *Trimble* and *Lovejoy* and declare the pre-1977 version of § 42 of the Texas Probate Code to be in violation of the Constitution of the United States. Indeed, as noted above, the Supreme Court of Texas, the highest court in this state, found no reversible error in the *Lovejoy* opinion of the Court of Civil Appeals. Therefore, this court finds that the pre-1977 version of § 42 of the Texas Probate Code is unconstitutional.[1] The Court further finds that plaintiff has failed to establish the basic requirements for a common law marriage under Texas law, § 1.91 of the Texas Family Code, and that substantial evidence exists to support the findings of the Secretary that plaintiff Oralia Avila Ramon, and the wage earner did not hold themselves out as married.

Having found the pre-1977 version of § 42 of the Texas Probate Code to be unconstitutional, the Court further finds that Roger Ramon, Jr. is entitled to Social Security benefits as a child of the deceased wage earner, Roger Ramon. It is, therefore,

ORDERED, ADJUDGED and DECREED:

(1) That the decision of the Secretary that the claims of Oralia Avila Ramon, Veronica Avila, John Avila, and Diana Avila be denied is affirmed, and that summary judgment be, and it is hereby, entered in favor of the defendant.

(2) That the decision of the Secretary that the claim of Roger Ramon, Jr. be denied is reversed, and summary judgment be, and it is hereby, entered in favor of said plaintiff Roger Ramon, Jr.

This Court further finds that the memorandum and letter filed by the plaintiff as Exhibits "A" and "B" attached to her Motion for Remand are merely cumulative of what was before the Administrative Law Judge and the Appeals Council. Indeed, their only probative value would be to establish the paternity of Roger Ramon, Jr., a fact admitted by the defendant. Therefore, it is

FURTHER ORDERED that the Plaintiff's Motion for Remand be, and the same is hereby, DENIED.

---

1. The same finding was recently made by this court in the case of *Sullivan v. Secretary of*

*H. E. W.*, SA 78 CA 396 (W.D.Tex. March 21, 1980).