Duke Jason TREVINO, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–04–473–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Oct. 13, 2005.

---

Randall E. Pretzer, Corpus Christi, for appellant.

Patrick L. Flanigan, Dist. Atty., Retha E. Cable, Asst. Dist. Atty., Sinton, for appellee.

Before Chief Justice VALDEZ and Justices CASTILLO and GARZA.

## OPINION[1]

Opinion by Justice CASTILLO.

Appellant Duke Jason Trevino appeals the sentence the trial court assessed after adjudicating guilt for the offense of aggravated sexual assault of a child.[2] The trial court sentenced him to a term of twenty-five years in the Texas Department of Criminal Justice–Institutional Division. By one issue, Trevino asserts his sentence is cruel and unusual in that it is disproportionate to the severity of the crime for which he was convicted. We affirm.

### I. Background

Trevino pleaded guilty to the offense and adjudication of guilt was deferred for ten years under terms and conditions of community supervision. Alleging Trevino violated the terms of his community supervision, the State filed a motion requesting that the trial court revoke community supervision, adjudicate guilt, and impose a sentence. The trial court convened a hearing, and after accepting Trevino's plea of true to the allegations in the State's motion, adjudicated guilt. Trevino testified requesting an extension of his community supervision term. After considering the stipulated evidence, the trial court, without objection, imposed punishment.

---

1. See Tex.R.App. P. 47.2, 47.4.

2. Tex. Pen.Code Ann. § 22.021 (Vernon Supp. 2004–05). The offense is a first degree felony, id. § 22.021(e) (Vernon 2004–05), punishable by a term of imprisonment in the institutional division for life or for any term of not more than 99 years or less than 5 years, and a fine not to exceed $10,000. Id. § 12.32(a),(b) (Vernon 2003).

## II. Jurisdiction

 While the challenge to the trial court's decision to adjudicate is unreviewable under the bar of article 42.12, section 5(b), we may consider the challenge to the trial court's actions after a finding of guilt.[3] Tex.Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp.2004–05) ("after an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred"); *Issa v. State,* 826 S.W.2d 159, 161 (Tex.Crim.App.1992) (en banc) (per curiam) (holding a defendant does have a limited right to challenge errors made following a determination to adjudicate). Thus, a defendant may appeal from a judgment adjudicating guilt when the issues raised by the appeal relate not to the adjudication decision but to the punishment phase. *Escochea v. State,* 139 S.W.3d 67, 79 (Tex.App.-Corpus Christi 2004, no pet.) (citing *Kirtley v. State,* 56 S.W.3d 48, 51–52 (Tex.Crim.App.2001) (allowing appeal of issues related to punishment phase following adjudication of guilt)).

Trevino argues that application of the test in *Solem v. Helm,* 463 U.S. 277, 290–91, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) shows that the sentence is disproportionate to the offense. Because the issue raised is unrelated to the decision to adjudicate guilt, we have jurisdiction. *See Escochea,* 139 S.W.3d at 79.

## III. Cruel and Unusual Punishment

### A. Preservation of Error

 Trevino made no objection to his sentence to the trial court, either at the time of sentencing or in any post-trial motion, on any grounds, nor did he ever lodge an objection, under constitutional or other grounds, to the alleged disparity, cruelty, unusualness or excessiveness of the sentences. Even constitutional claims can be waived by failure to object. *Smith v. State,* 721 S.W.2d 844, 855 (Tex.Crim.App. 1986). To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. Tex.R.App. P. 33.1(a); *see Blue v. State,* 41 S.W.3d 129, 131 (Tex.Crim.App. 2000) (en banc). "All a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Keeter v. State,* No. PD–1012–03, 175 S.W.3d 756, 760, 2005 WL 766974, at *3, 2005 Tex.Crim.App. LEXIS 521, at *10 (Tex.Crim.App. April 6, 2005) (citing *Lankston v. State,* 827 S.W.2d 907, 909 (Tex.Crim.App.1992) (en banc)); *see Solis v. State,* 945 S.W.2d 300, 301 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of grossly disproportionate sentence violative of Eighth Amendment was forfeited by failure to object); *Quintana v. State,* 777 S.W.2d 474, 479 (Tex.App.-Corpus Christi 1989, pet. ref'd) (holding that failure to object to a sentence as cruel and unusual forfeits error); *see also Mercado v. State,* 718 S.W.2d 291, 296 (Tex.Crim.App.1986) (en banc).

 Because the sentence imposed is within the punishment range and is not

---

**3.** A trial court's decision to proceed with an adjudication of guilt is one of absolute discretion and is not reviewable. *Williams v. State,* 592 S.W.2d 931, 932–33 (Tex.Crim.App.1979) (holding that an appellant cannot argue on appeal that the evidence adduced at the revocation hearing was insufficient to prove the allegations in the State's motion to adjudicate).

illegal,[4] we conclude that the rights Trevino asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection. *See Blue,* 41 S.W.3d at 131. Thus, by failing to object to the trial court's sentence below, Trevino has forfeited his complaint on appeal.

■ Even absent forfeiture, we conclude that Trevino's sentence did not constitute cruel and unusual punishment. Punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State,* 656 S.W.2d 481, 486 (Tex.Crim.App. 1983) (en banc); *Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App.1973); *Samuel v. State,* 477 S.W.2d 611, 614 (Tex. Crim.App.1972). The punishment assessed, twenty-five years, falls within the applicable punishment range. TEX. PEN. CODE ANN. § 12.32(a) (Vernon 2003) (stating that the punishment range is life or for any term of not more than 99 years or less than 5 years). Thus, the punishment is not, per se, prohibited as cruel, unusual, or excessive.

### B. Disproportionate Sentence

■ Importantly, as Trevino argues, it has been held that a sentence within the range of punishment may still violate the Eighth Amendment if it is grossly disproportionate to the offense committed. *Solem,* 463 U.S. at 290–91, 103 S.Ct. 3001 (1983). However, the viability and mode of application of proportionate analysis in non-death penalty cases has been questioned since the Supreme Court's decision in *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). *See McGruder v. Puckett,* 954 F.2d 313, 315–16 (5th Cir.1992) (discussing the various opinions issued in *Harmelin,* 501 U.S. at 957, 111 S.Ct. 2680, and their impact on the *Solem* decision).[5] In the present case, even if error had been preserved as to this argument, and assuming for purposes of Trevino's argument the viability of a proportionality review, twenty-five years in prison is not a grossly disproportionate sentence considering the evidence presented as to the offense. We need not consider its application today because the proportionality issue was not preserved and because no evidence as to the last two

---

**4.** A sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Escochea v. State,* 139 S.W.3d 67, 80 (Tex.App.-Corpus Christi 2004, no pet.) (citing *Mizell v. State,* 119 S.W.3d 804, 806 (Tex.Crim.App.2003)). Unlike most trial errors, which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence. *Id.* (citing *Mizell,* 119 S.W.3d at 806 n. 6). Thus, an appellate court that otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence. *Id.* (citing *Mizell,* 119 S.W.3d at 806).

**5.** The *McGruder* court, analyzing the Supreme Court's splintered action in *Harmelin v. Michigan,* 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), concluded that "this much is clear: disproportionality survives, *Solem* does not." *McGruder v. Puckett,* 954

F.2d 313, 316 (5th Cir.1992). *Solem* required an analysis of three questions: (1) the gravity of the offense and the harshness of the sentence; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem,* 463 U.S. 277, 292, 103 S.Ct. 3001 (1983). The *McGruder* court, drawing on one of the three opinions issued in *Harmelin,* refined the *Solem* analysis to explicitly require a threshold comparison of the harshness of the sentence and the gravity of the offense, and then only if the court inferred that the sentence is grossly disproportionate would it consider the remaining two factors enunciated by *Solem.* *McGruder,* 954 F.2d at 316. This Court has been cautious about applying the *McGruder* analysis. *See, e.g., Sullivan v. State,* 975 S.W.2d 755, 757 (Tex.App.-Corpus Christi 1998, no pet.).

*Solem* factors was submitted to the trial court. *See Solem,* 463 U.S. at 292, 103 S.Ct. 3001; *Sullivan v. State,* 975 S.W.2d 755, 757–58 (Tex.App.-Corpus Christi 1998, no pet.); *Simmons v. State,* 944 S.W.2d 11, 14 (Tex.App.-Tyler 1996, pet. ref'd).

### IV. Conclusion

We overrule Trevino's sole issue and affirm the trial court judgment of conviction and sentence.