NUMBER 13-08-403-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


GREGORY SMIKLE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 347th District Court 

of Nueces County, Texas

 


MEMORANDUM OPINION


Before Justices Yanez, Garza, and Vela


Memorandum Opinion by Justice Vela


 

 Appellant, Gregory Smikle, appeals from the trial court's order revoking his
community supervision and sentencing him to six years' confinement in the Texas
Department of Criminal Justice--Institutional Division. By a single issue, Smikle
complains that the sentence was disproportionate to the seriousness of the alleged
violation of community supervision, in violation of the Eighth and Fourteenth Amendments
to the United States Constitution. See U.S. Const. amends. VIII and XIV. We affirm.

I. Procedural Background


 On December 13, 2007 Smikle was indicted for the offense of violation of a
magistrate's order by committing an assault, a third-degree felony. Tex. Penal Code Ann. 
§ 25.07 (a)(1), (g) (Vernon Supp. 2008). He pleaded guilty, and the trial court sentenced
him to ten years' confinement in the Texas Department of Criminal Justice--Institutional
Division and assessed a $1,000 fine. The trial court suspended the sentence and fine and
placed Smikle on community supervision for ten years. On April 29, 2008, the State filed
a motion to revoke Smikle's community supervision, alleging that he had violated several
of its terms. On May 22, 2008, Smikle pleaded true to the allegations that he violated his
conditions of community supervision, and after a hearing, the trial court sentenced him to
six years' imprisonment. 

II. Analysis


 By his sole issue, Smikle complains the trial court's sentence is disproportionate to
the seriousness of the alleged violation of his community supervision, in violation of the
Eighth and Fourteenth Amendments of the United States Constitution. See U.S. Const.
amends. VIII and XIV. The record, however, reflects that no objection was made to the
sentence either at the time of the hearing or by any post-trial motion. By failing to object,
Smikle has waived any complaint on appeal. Trevino v. State, 174 S.W.3d 925, 927-29
(Tex. App.-Corpus Christi 2005, pet. ref'd).

 Even if the issue had been preserved, however, the punishment assessed was
within the limits prescribed by statute. See Tex. Penal Code Ann. § 25.07 (g). Generally,
punishment that falls within the limits prescribed by statute is not excessive, cruel, or
unusual. See Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); Trevino, 174
S.W.3d at 928. 

III. Conclusion


 Having found that no error has been presented for review, we affirm the trial court's
judgment.




 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this 18th day of December, 2008.