NUMBERS 13-08-00196-CR


 13-08-00197-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


TANYA JEAN GAYTAN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court of Kleberg County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides


 

 Appellant, Tanya Jean Gaytan, appeals from the revocation of her community
supervision, adjudication of guilt, and from the imposition of concurrent sentences of eight
years' imprisonment. Gaytan raises one issue on appeal. We affirm.

I. Background


 On November 3, 2000, Gaytan was indicted on two counts of aggravated assault
with a deadly weapon. See Tex. Penal Code Ann. § 22.02 (Vernon Supp. 2008). On
January 3, 2001, Gaytan pleaded guilty. The trial court deferred adjudication and placed
Gaytan on community supervision for ten years. (1)

 On August 23, 2001, Gaytan was charged with "prohibited substance in correctional
facility." See Tex. Penal Code Ann. § 38.11 (Vernon Supp. 2008). On September 12,
2001, she pleaded guilty. The trial court sentenced her to ten years' confinement in the
Texas Department of Criminal Justice. On March 4, 2002, the trial court suspended the
sentence and placed Gaytan on community supervision for ten years.

 On February 28, 2008, pursuant to the State's motions to revoke community
supervision and to adjudicate guilt, the trial court held a hearing to consider the allegations
made in the motions. Gaytan answered "true" to sixteen out of twenty of the allegations
presented by the State in support of its motions. After accepting her answers of "true," the
trial court revoked community supervision, imposed sentences of eight years' confinement
on each cause number, and ordered the sentences to run concurrently. 

 On appeal, Gaytan argues that these sentences were disproportionate to the
offenses alleged in violation of the Eighth and Fourteenth Amendments to the United
States Constitution. See U.S. Const. amends. VIII, XIV. 

II. Discussion


 The State argues that Gaytan failed to properly preserve her complaint for our
review. We agree.

 "To preserve an error for appellate review, a party must present a timely objection
to the trial court, state the specific grounds for the objection, and obtain a ruling." Trevino
v. State, 174 S.W.3d 925, 927 (Tex. App.-Corpus Christi 2005, pet. ref'd). Constitutional
claims may be waived when a party fails to object. Id. (citing Smith v. State, 721 S.W.2d
844, 855 (Tex. Crim. App. 1986)); see Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.-Houston [1st Dist.] 1997, pet. ref'd) (holding waiver where party failed to object to
disproportionality of sentence); Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.-Corpus
Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument
by failing to object). "[A] party is not required to make a contemporaneous objection to the
imposition of an illegal sentence. Thus, an appellate court that otherwise has jurisdiction
over a criminal conviction may always notice and correct an illegal sentence." Trevino, 174
S.W.3d at 928 n.4 ("A sentence outside the maximum or minimum range of punishment
is unauthorized by law and therefore illegal.") (internal citations omitted). Additionally, a
claim of disproportionate sentencing may be raised in a motion for new trial. Mullins v.
State, 208 S.W.3d 469, 470 n.2 (Tex. App.-Texarkana 2006, no pet.); see also King v.
State, No. 13-04-446-CR, 2005 WL 2470525, at *6 (Tex. App.-Corpus Christi 2005, pet.
ref'd) (mem. op., not designated for publication).

 In the present case, Gaytan did not object to the trial court's sentence during the
hearing. In fact, Gaytan made no objection to the sentence "in any post-trial motion, on
any grounds, nor did [s]he ever lodge an objection, under constitutional or other grounds,
to the alleged disparity, cruelty, unusualness or excessiveness of the sentences." Trevino,
174 S.W.3d at 927. The sentence imposed is not illegal and is within the punishment
range provided by statute. See Tex. Penal Code Ann. § 12.33 (Vernon 2003) (providing
a punishment range of two to twenty years' imprisonment and a fine of not more than
$10,000 for second-degree felonies); id. § 22.02(b) (making an aggravated assault a
second-degree felony); id. § 12.34 (Vernon 2003) (providing a punishment range for third-degree felonies of two to ten years imprisonment and a fine of not more than $10,000); id.
§ 38.11(g) (making "prohibited substance in correctional facility" a third-degree felony).

 Gaytan argues that it is "within a court's power to review a sentence imposed by a
judge or jury and to determine whether such sentence passed constitutional muster, even
if no objections were made during trial." Lovejoy v. Lillie, 569 S.W.2d 501, 503 (Tex. Civ.
App.-Tyler 1978, writ ref'd n.r.e.) (emphasis added). Lovejoy does not apply to the present
case. 

 In Lovejoy, the Tyler Court of Appeals sua sponte considered whether section 42
of the Texas Probate Code, as it was then written, was constitutional in light of the
Supreme Court's decision in Trimble v. Gordon, where the Court held unconstitutional an
Illinois intestate succession statute that discriminated against illegitimate children. Trimble
v. Gordon, 430 U.S. 762, 776 (1977). Neither Lovejoy nor Lillie raised the issue before the
trial court, yet the Tyler Court of Appeals held that it could consider the issue. Lovejoy, 569
S.W.2d at 503 ("It is the well established law in this state that the court will always
adjudicate whether a statute is constitutional when its unconstitutionality is obvious and
apparent, regardless of when or how the question is raised.") (emphasis added). The Tyler
Court of Appeals determined that section 42 of the probate code was, under Trimble, an
unconstitutional statute. Id. at 503-04.

 In the case before us, we are not dealing with whether an appellate court may
consider the constitutionality of a statute when neither party raised the issue before the trial
court. We are asked to determine whether Gaytan properly preserved error regarding her
claim of unconstitutionally disproportionate sentencing. Neither party, in the trial court or
before us, raised an issue regarding the constitutionality of any statutes. Thus, we are
unpersuaded that Lovejoy applies to the present case. 

 Because Gaytan failed to properly object to the trial court's sentence, and
"[b]ecause the sentence imposed is within the punishment range and is not illegal, we
conclude that the rights [Gaytan] asserts for the first time on appeal are not so fundamental
as to have relieved [her] of the necessity of a timely, specific trial objection." Trevino, 174
S.W.3d at 927-28 (citing Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (en
banc)). Gaytan's issue is overruled.

III. Conclusion


 Having overruled Gaytan's only issue, we affirm the judgments of the trial court.



 

 GINA M. BENAVIDES,

 Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this the 27th day of August, 2009.

1. The trial court assigned cause number 00-CRF-582 to the aggravated assault deferred adjudication
and community supervision case, and cause number 01-CRF-304 to the "prohibited substance in correctional
facility" suspended sentence and community supervision case. This Court has assigned cause number 01-CRF-304 appellate cause number 13-08-00197-CR, and cause number 00-CRF-582 has been assigned
appellate cause number 13-08-00196-CR.