

NUMBERS 13-08-00196-CR
13-08-00197-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TANYA JEAN GAYTAN,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the 105th District Court of Kleberg County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Benavides**

Appellant, Tanya Jean Gaytan, appeals from the revocation of her community supervision, adjudication of guilt, and from the imposition of concurrent sentences of eight years' imprisonment. Gaytan raises one issue on appeal. We affirm.

## I. BACKGROUND

On November 3, 2000, Gaytan was indicted on two counts of aggravated assault

with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02 (Vernon Supp. 2008). On January 3, 2001, Gaytan pleaded guilty. The trial court deferred adjudication and placed Gaytan on community supervision for ten years.[1]

On August 23, 2001, Gaytan was charged with "prohibited substance in correctional facility." *See* TEX. PENAL CODE ANN. § 38.11 (Vernon Supp. 2008). On September 12, 2001, she pleaded guilty. The trial court sentenced her to ten years' confinement in the Texas Department of Criminal Justice. On March 4, 2002, the trial court suspended the sentence and placed Gaytan on community supervision for ten years.

On February 28, 2008, pursuant to the State's motions to revoke community supervision and to adjudicate guilt, the trial court held a hearing to consider the allegations made in the motions. Gaytan answered "true" to sixteen out of twenty of the allegations presented by the State in support of its motions. After accepting her answers of "true," the trial court revoked community supervision, imposed sentences of eight years' confinement on each cause number, and ordered the sentences to run concurrently.

On appeal, Gaytan argues that these sentences were disproportionate to the offenses alleged in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amends. VIII, XIV.

## II. DISCUSSION

The State argues that Gaytan failed to properly preserve her complaint for our review. We agree.

---

[1] The trial court assigned cause number 00-CRF-582 to the aggravated assault deferred adjudication and community supervision case, and cause number 01-CRF-304 to the "prohibited substance in correctional facility" suspended sentence and community supervision case. This Court has assigned cause number 01-CRF-304 appellate cause number 13-08-00197-CR, and cause number 00-CRF-582 has been assigned appellate cause number 13-08-00196-CR.

2

"To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling." *Trevino v. State*, 174 S.W.3d 925, 927 (Tex. App.–Corpus Christi 2005, pet. ref'd). Constitutional claims may be waived when a party fails to object. *Id.* (citing *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986)); *see Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.–Houston [1st Dist.] 1997, pet. ref'd) (holding waiver where party failed to object to disproportionality of sentence); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.–Corpus Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object). "[A] party is not required to make a contemporaneous objection to the imposition of an illegal sentence. Thus, an appellate court that otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence." *Trevino*, 174 S.W.3d at 928 n.4 ("A sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal.") (internal citations omitted). Additionally, a claim of disproportionate sentencing may be raised in a motion for new trial. *Mullins v. State*, 208 S.W.3d 469, 470 n.2 (Tex. App.–Texarkana 2006, no pet.); *see also King v. State*, No. 13-04-446-CR, 2005 WL 2470525, at *6 (Tex. App.–Corpus Christi 2005, pet. ref'd) (mem. op., not designated for publication).

In the present case, Gaytan did not object to the trial court's sentence during the hearing. In fact, Gaytan made no objection to the sentence "in any post-trial motion, on any grounds, nor did [s]he ever lodge an objection, under constitutional or other grounds, to the alleged disparity, cruelty, unusualness or excessiveness of the sentences." *Trevino*, 174 S.W.3d at 927. The sentence imposed is not illegal and is within the punishment range provided by statute. *See* TEX. PENAL CODE ANN. § 12.33 (Vernon 2003) (providing

3

a punishment range of two to twenty years' imprisonment and a fine of not more than $10,000 for second-degree felonies); *id.* § 22.02(b) (making an aggravated assault a second-degree felony); *id.* § 12.34 (Vernon 2003) (providing a punishment range for third-degree felonies of two to ten years imprisonment and a fine of not more than $10,000); *id.* § 38.11(g) (making "prohibited substance in correctional facility" a third-degree felony).

Gaytan argues that it is "within a court's power to review a *sentence* imposed by a judge or jury and to determine whether such *sentence* passed constitutional muster, even if no objections were made during trial." *Lovejoy v. Lillie*, 569 S.W.2d 501, 503 (Tex. Civ. App.–Tyler 1978, writ ref'd n.r.e.) (emphasis added). *Lovejoy* does not apply to the present case.

In *Lovejoy*, the Tyler Court of Appeals *sua sponte* considered whether section 42 of the Texas Probate Code, as it was then written, was constitutional in light of the Supreme Court's decision in *Trimble v. Gordon*, where the Court held unconstitutional an Illinois intestate succession statute that discriminated against illegitimate children. *Trimble v. Gordon*, 430 U.S. 762, 776 (1977). Neither Lovejoy nor Lillie raised the issue before the trial court, yet the Tyler Court of Appeals held that it could consider the issue. *Lovejoy*, 569 S.W.2d at 503 ("It is the well established law in this state that the court will always adjudicate whether a *statute* is constitutional when its unconstitutionality is obvious and apparent, regardless of when or how the question is raised.") (emphasis added). The Tyler Court of Appeals determined that section 42 of the probate code was, under *Trimble*, an unconstitutional *statute*. *Id.* at 503-04.

In the case before us, we are not dealing with whether an appellate court may consider the constitutionality of a *statute* when neither party raised the issue before the trial

4

court. We are asked to determine whether Gaytan properly preserved error regarding her claim of unconstitutionally disproportionate *sentencing*. Neither party, in the trial court or before us, raised an issue regarding the constitutionality of any statutes. Thus, we are unpersuaded that *Lovejoy* applies to the present case.

Because Gaytan failed to properly object to the trial court's sentence, and "[b]ecause the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [Gaytan] asserts for the first time on appeal are not so fundamental as to have relieved [her] of the necessity of a timely, specific trial objection." *Trevino*, 174 S.W.3d at 927-28 (citing *Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (en banc)). Gaytan's issue is overruled.

### III. CONCLUSION

Having overruled Gaytan's only issue, we affirm the judgments of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 27th day of August, 2009.