NUMBER 13-09-00132-CR


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

OMAR GUZMAN, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court 

of Kleberg County, Texas.

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


 Appellant Omar Guzman was convicted of unauthorized use of a motor vehicle, a
state jail felony. See Tex. Penal Code Ann. § 31.07 (Vernon 2003). Guzman pleaded
guilty to the offense pursuant to a plea agreement with the State and was sentenced to 
two years in a state facility. The trial court suspended Guzman's sentence of confinement
and placed him on community supervision for five years, which was later revoked due to
Guzman's non-compliance with the terms of his community supervision. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 23 (Vernon Supp. 2009). Upon revocation, Guzman was
sentenced to two years' confinement. 

 By one issue, Guzman contends that the punishment assessed is disproportionate
to the seriousness of the alleged offense. We affirm.I. Background

 On December 23, 2008, the State filed an amended motion to revoke Guzman's
suspended sentence from a conviction for the unauthorized use of a motor vehicle. See
Tex. Penal Code Ann. § 31.07. In its motion, the State alleged that Guzman had
committed six different violations of the terms of his community supervision; specifically,
Guzman: (1) failed to remain within his county of residence and departed without
permission from the supervision officer; (2) failed to report to his community supervision
officer for the month of November 2008; (3) failed to pay $50 to the local Crime Stoppers
Program; (4) failed to report any change of residence, job, or job status to his community
supervision officer within 24 hours; (5) failed to complete an intensive supervision program;
and (6) failed to complete 180 days of electronic monitoring. Guzman pleaded "true" to all
six allegations.

 The trial court granted the State's motion to revoke and sentenced Guzman to two
years' imprisonment in a state jail facility. This appeal followed. (1)

II. Discussion

 In his sole issue, Guzman complains that the punishment assessed is
disproportionate to the seriousness of the alleged offense, in violation of the Eighth and
Fourteenth amendments to the United States Constitution. See U.S. Const. art. VIII. 
Guzman, however, did not object to his sentence at the time of sentencing or in any
post-trial motion. To preserve error for appellate review, a party must present a timely
objection to the trial court, state the specific grounds for the objection, and obtain a ruling. 
Tex. R. App. P. 33.1(a). Because Guzman failed to specifically object to the allegedly 
disproportionate sentence in the trial court or in a post-trial motion, he has waived any error
for our review. See Noland v. State, 264 S.W.3d 144, 151 (Tex. App.-Houston [1st Dist.]
2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence
is grossly disproportionate, constituting cruel and unusual punishment, a defendant must
present to the trial court a timely request, objection, or motion stating the specific grounds
for the ruling desired."); Trevino v. State, 174 S.W.3d 925, 927-28 (Tex. App.-Corpus
Christi 2005, pet. ref'd) ("Because the sentence imposed is within the punishment range
and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal
are not so fundamental as to have relieved him of the necessity of a timely, specific trial
objection."); see also Figueroa v. State, No. 13-08-00115-CR, 2009 Tex. App. LEXIS 8307,
at *4 (Tex. App.-Corpus Christi Oct. 29, 2009, no pet.) (mem. op., not designated for
publication) (holding that appellant did not preserve the issue of whether the punishment
assessed was disproportionate where he "neither objected to his sentence nor raised the
issue in his motion for new trial"). 

 Accordingly, because Guzman did not preserve this alleged error, we overrule his
sole issue.

III. Conclusion

 The judgment of the trial court is affirmed.

 

 ________________________

 DORI CONTRERAS GARZA

 Justice 


Do Not Publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

20th day of May, 2010.
1. Texas Rule of Appellate Procedure 25.2 provides that a defendant who accepted a plea bargain
in a criminal case "may appeal only those matters that were raised by written motion filed and ruled on before
trial, or after getting the trial court's permission to appeal." Tex. R. App. P. 25.2 (2). The record reflects that
the trial court signed Guzman's "Certification of Defendant's Right of Appeal" on January 28, 2009.