

# NUMBER 13-11-00349-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOHN ANTHONY GOMEZ,**                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                               **Appellee.**

---

### On appeal from the 105th District Court
### of Kleberg County, Texas.

---

# MEMORANDUM OPINION
### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Benavides

Appellant, John Anthony Gomez, appeals the trial court's sentence of twenty-five years' imprisonment after the trial court revoked Gomez's community supervision and adjudicated guilt. Gomez was convicted of aggravated assault with a deadly weapon, which was enhanced to a first degree felony.[1] Gomez appeals on the grounds that the

---

[1] Gomez is a repeat felony offender, which elevates his second-degree felony to a first-degree felony. TEX. PEN. CODE ANN. § 12.42(b) (West 2011).

punishment was disproportionate to the seriousness of the alleged offense, in violation of the Eighth and Fourteenth amendments of the United States Constitution.   U.S. CONST. amend. VIII, XIV.   Because we conclude that Gomez did not meet his burden of proof that the sentence is grossly disproportionate to the offense, we affirm.

## I.  BACKGROUND

On April 22, 2010, Gomez was indicted for the second-degree felony of aggravated assault with a deadly weapon.   *See* TEX. PEN. CODE ANN. § 22.02(a) (West 2011).   Punishment was enhanced to a first-degree felony due to a previous conviction.[2]   Gomez pleaded guilty to aggravated assault with a deadly weapon, and pleaded true to the enhancement on June 2, 2010.   Adjudication of guilt was deferred and the court ordered Gomez to ten years of community supervision.   TEX. CODE CRIM. PROC. ANN. art. 42.12 (West 2011).

On December 20, 2011, the State filed a motion to revoke community supervision and to adjudicate guilt alleging, in twenty counts, that Gomez had violated certain conditions of his probation.   The court sanctioned Gomez after a hearing on the motion to revoke on February 2, 2011.   Gomez was ordered to a substance abuse felony punishment facility, an intensive supervision program, weekly urinalysis, and an anger management program.

The State filed another motion to revoke community supervision and to adjudicate guilt on March 10, 2011 and amended that motion on April 12, 2011.   Gomez pleaded not true to all ten counts set forth in the State's motion.   At the hearing on May 13, 2011, Officers Eric Escobedo, George Flores, Ryan Webb, and Brenda Tijerina testified that on

---

[2] Gomez was previously convicted of the felony offense of indecency with a child.   *See id.* § 21.11 (West 2011).

March 4, 2011, they responded to a call from an alleged victim of family violence, Ms. Salinas, who stated that Gomez had assaulted her and kept her against her will. At the hearing, Ms. Salinas stated that she had called the police and said Gomez assaulted her and kept her against her will because she was mad at him. The officers testified that Ms. Salinas was visibly shaken and appeared scared of Gomez when they arrived at the scene. After struggling with the officers, Gomez was subdued, arrested and transported to the Kleberg County jail.

The trial court found that Gomez violated his community supervision by resisting arrest; committing the offense of assault (terroristic threat family violence); failing to participate and complete an intensive supervision program; failing to report any new and subsequent arrests within forty-eight hours; and failing to attend a battering intervention and prevention program. The court revoked Gomez's community supervision and adjudicated guilt for aggravated assault with a deadly weapon. Thereafter, the trial court sentenced Gomez to twenty-five years' imprisonment.

## II. ANALYSIS

Gomez challenges the trial court's sentence of twenty-five years' imprisonment because he believes the punishment is disproportionate to the seriousness of the alleged offense. As a threshold matter, Gomez has failed to preserve this error for our review. Gomez's complaint was not made to the trial court by a timely request, he did not state the specific grounds for objection, and he did not obtain an adverse ruling. *See* TEX. R. APP. P. 33.1. Therefore, Gomez did not sufficiently preserve his complaint of a disproportionate sentence for appeal. *See id.*

3

Nevertheless, Gomez attempts to bypass the issue of waiver by citing to the *Lovejoy* decision. *Lovejoy v. Lillie*, 569 S.W.2d 501, 503 (Tex. Civ. App.—Tyler 1978, writ ref'd n.r.e). Gomez relies on *Lovejoy* for the proposition that it is within a court's power to review a sentence imposed by judge or jury and to determine whether such sentence passes constitutional muster, despite no objection made during trial. *See id.* The *Lovejoy* opinion is distinguishable from this case because *Lovejoy* deals with a court's power to adjudicate the constitutionality of a statute, regardless of when or how the question is raised, if its unconstitutionality is obvious and apparent. *See id.* Although Gomez's issue challenges the constitutionality of a punishment statute as applied, its unconstitutionality is not obvious or apparent and therefore not subject to our review. *See id.*

Nonetheless, assuming without deciding that Gomez had preserved error, we conclude that the punishment is not disproportionate to the seriousness of the crime to constitute cruel and unusual punishment. *See* U.S. CONST. amend. VIII. The U.S. Supreme Court has stated that "although a sentence may be within the range permitted by statute, in limited situations it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and unusual punishment." *Solem v. Helm*, 463 U.S. 277, 290 (1983); *see Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Punishment will be grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme. *Baldridge*, 77 S.W.3d 890 at 893. Only if we infer that the sentence is grossly disproportionate to the offense, will we then consider the remaining factors of the *Solem* test and compare Gomez's sentence to (1) sentences for

4

similar crimes in the same jurisdiction; and (2) sentences for the same crime in other jurisdictions. *Id.*; *see Solem*, 463 U.S. 277 at 291.

Gomez suggests that if we applied the facts of his case to those three standards set forth in *Solem* it could move through the first threshold standard by finding that proportionality was an issue. However, it has long been recognized that if the punishment is within the range established by the legislature, there is no violation of the state constitutional provisions against cruel and unusual punishment. *Baldridge*, 77 S.W.3d 890 at 893. An individual adjudicated guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than ninety-nine years or less than five years. TEX. PEN. CODE ANN. § 12.32(a) (West 2011). Here, Gomez was sentenced to twenty-five years' imprisonment, which was well within the statutory limitation.

Gomez only goes as far as to argue that we could find that proportionality was an issue. He neither argues nor cites to authority in his favor, and, thus, he does not meet the threshold of proportionality. Therefore, we need not analyze the two *Solem* factors. Gomez's sole issue is overruled.

### III. CONCLUSION

The trial court's judgment is affirmed.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
26th day of July, 2012.

5