

## NUMBER 13-12-00338-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

**JOHN CANDELARIO ALANIZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 148th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion by Chief Justice Valdez

By one issue, appellant, John Candelario Alaniz, challenges the sentences assessed by the jury and imposed by the trial court for his conviction for twelve counts of sexual assault of a child. *See* TEX. PENAL CODE ANN. 22.021(a)(1)(B) (West 2011). Appellant contends that the sentences imposed by the trial court are cruel, unusual and

disproportionate to the seriousness of the alleged offense.  *See* U.S. CONST. amend. VIII, XIV.  We affirm.

## I.     BACKGROUND

Appellant was charged by indictment with and pleaded guilty to twelve counts of sexual assault of a child.  *See* TEX. PENAL CODE ANN. 22.021(a)(1)(B).  After the punishment phase of the trial, the jury assessed appellant's punishment at twenty years' imprisonment and a 5,000 dollar fine for each count.  After the jury delivered the sentence, the trial court asked both the prosecution and defense, "Counsel, anything else before I accept the verdict."  Appellant's trial counsel responded, "Nothing from the defense, Judge."  The trial court also asked "And, defendant, do you have anything to say before I pronounce sentence?"  Appellant responded, "No, sir, " and his trial counsel stated "Your Honor, if I may, if you're going to formally pronounce sentencing at this time, I would ask that you—that the Court consider in its discretion, as is allowed under the Code, stacking these sentences."  The trial court then formally pronounced the sentences assessed by the jury and ordered them to run concurrently.  This appeal ensued.

## II.     APPLICABLE LAW AND ANALYSIS

In his sole issue, appellant contends that the sentences imposed by the trial court were disproportionate to the seriousness of the alleged offense, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.  *See* U.S. CONST. amend.  VIII, XIV.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fine imposed, nor cruel and unusual punishment inflicted."  *See* U.S. CONST. amend. VIII.  The Eighth Amendment applies to punishments imposed by state courts

2

through the Due Process Clause of the Fourteenth Amendment. *See* U.S. Const. amend. XIV. Yet, it is possible for this right, and every constitutional or statutory right, to be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

Generally, to preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P. 33.1(a). The failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for our review. *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd) (providing that "by failing to object to the trial court's sentence, [the appellant] forfeited his complaint" that the sentence was cruel and unusual); *see also Daliet v. State*, No. 13-11-00611-CR, 2013 Tex. App. LEXIS 3871, at *5 (Tex. App.—Corpus Christi Mar. 28, 2013, pet. ref'd) (mem. op., not designated for publication) (holding in regard to an appeal on proportionality of sentencing that, "appellant acknowledges that no objection was made to the sentence in the trial court, but invites us to review the sentence under our inherent power. The error being unpreserved, we decline the invitation.").

Appellant complains for the first time on appeal that his eighth amendment rights have been violated because the sentences imposed by the trial court were cruel, unusual, and grossly disproportionate to the offense committed. In his appellate brief,

3

appellant claims that he "raised this specific issue to ensure there was no waiver of an anticipatory claim in Federal Court." The record reveals, however, that appellant did not object to the sentences during the punishment phase of the trial or in any post-trial motion. We further note that the sentences fall within the punishment range of a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.33(a) (West Supp. 2011) (providing that second-degree felony has a punishment range of two to twenty years' confinement). A punishment falling within the limits prescribed by a valid statute is not per se excessive, cruel, or unusual. *Trevino*, 174 S.W.3d at 928. Therefore, because appellant failed to object to the proportionality of sentences that were not unconstitutional per se, appellant's argument is waived.[1] *See* TEX. R. APP. P. 33.1(a); *Noland*, 264 S.W.3d at 151; *Trevino*, 174 S.W.3d at 928; *see also Daliet*, 2013 Tex. App. LEXIS 3871, at *5. We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of July, 2013.

---

[1] Appellant also claims that "it was within a court's power to review a sentence imposed by judge or jury and to determine whether such sentence passed [c]onstitutional muster, even if no objections were made during trial." We note that this argument seems to suggest that a trial court has discretion to make a ruling in this situation, not that a defendant need not make a proper objection at trial to preserve argument *for appeal.* Additionally, to support this claim, appellant cites two cases in which Texas courts considered a court's power to adjudicate challenges to the constitutionality of legislative acts and not whether disproportionate sentencing arguments were preserved for appeal. *See Lovejoy v. Lillie*, 569 S.W.2d 501, 503 (Tex. Civ. App.—Tyler 1978, writ ref'd n.r.e); *Houston Chronicle Publ'g Co. v. City of Houston*, 531 S.W.2d 177, 185 (Tex. Civ. App.—Houston [14th Dist.] 1975, writ ref'd). Appellant does not explain, and we fail to see, the relevance of these citations to the present case. Instead, we rely on the case law cited in the body of this opinion in determining that, because he did not make an objection, appellant waived his argument on appeal that the sentence imposed is disproportionate. *See Noland*, 264 S.W.3d at 151; *Trevino*, 174 S.W.3d at 928; *see also Daliet*, 2013 Tex. App. LEXIS 3871, at *5.

4