

# NUMBER 13-23-00282-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TYLER RAY MCNATT,                                              Appellant,

v.

THE STATE OF TEXAS,                                       Appellee.

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Silva**

A jury found appellant Tyler Ray McNatt guilty of aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b). McNatt was placed on community supervision, which the trial court subsequently revoked. By a

single issue, McNatt argues that his sentence of five years' incarceration constitutes cruel or unusual punishment. We affirm.

## I.  BACKGROUND

McNatt was indicted on charges of aggravated robbery, a first-degree felony, and aggravated assault with a deadly weapon, a second-degree felony, alleged to have occurred on or about March 20, 2018. Following a jury trial in 2021, wherein the jury returned a not guilty and guilty verdict, respectively, McNatt was sentenced to five years' confinement, probated for five years.

In June 2023, the State filed an amended motion to revoke McNatt's community supervision, alleging McNatt had failed to report to his probation officer October 2022 through May 2023, failed to submit to random urinalysis testing November 2022 through May 2023, and was in arrears. McNatt pleaded true to the allegations, and the trial court determined the allegations to be true, revoked McNatt's community supervision, and sentenced him to five years' imprisonment. This appeal ensued.

## II.  PUNISHMENT

An allegation of excessive or disproportionate punishment is a legal claim embodied in state and federal constitutional bans on cruel or unusual punishment and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); TEX. CONST. art. I, § 13

2

("Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted."). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd).

However, to preserve for appellate review a complaint that a sentence is grossly disproportionate or cruel or unusual, a defendant must present to the trial court a "timely request, objection, or motion" stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a); *see Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) ("It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object."); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (concluding defendant had failed to preserve disproportionate-sentencing complaint); *see also Adams v. State*, No. 13-09-00334-CR, 2010 WL 2783745, at *8 (Tex. App.—Corpus Christi–Edinburg July 15, 2010, pet. ref'd) (mem. op., not designated for publication) (concluding the same where appellant was sentenced to forty years' imprisonment for evading arrest, enhanced by his felony habitual offender status). "To state the obvious, an unpreserved grossly disproportionate sentencing argument cannot conceivably persuade this Court and is thus frivolous." *Trevino v. State*, 676 S.W.3d 726, 732–33 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.).

At no time prior to the appeal did McNatt argue that the sentence imposed was disproportionate to the offense charged or in violation of his constitutional rights.

3

Accordingly, McNatt failed to preserve his complaint for review. *See* TEX. R. APP. P. 33.1(a); *Trevino*, 174 S.W.3d at 927–28. We overrule McNatt's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
11th day of July, 2024.

4