

## NUMBERS
## 13-14-00223-CR
## 13-14-00225-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

RICARDO GONZALES,                                             **Appellant,**

**v.**

THE STATE OF TEXAS,                                         **Appellee.**

## On appeal from the 24th District Court
## of Victoria County, Texas.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Garza and Longoria
## Memorandum Opinion by Chief Justice Valdez

By one issue, appellant, Ricardo Gonzales, challenges the sentences assessed by the trial court for his conviction for aggravated sexual assault of a child, appellate cause number 13-14-00223-CR, *see* TEX. PENAL CODE ANN. § 22.021 (West, Westlaw through 2013 3d C.S.), and possession of child pornography, appellate cause number 13-14-

00225-CR, *see id.* § 43.26 (West, Westlaw through 2013 3d C.S.). Appellant contends that the sentences imposed by the trial court are cruel, unusual, and disproportionate to the seriousness of the offenses. *See* U.S. CONST. amend. VIII, XIV. We affirm.

## I. BACKGROUND

Appellant was charged in two separate indictments with aggravated sexual assault of a child, *see* TEX. PENAL CODE ANN. § 22.021, and possession of child pornography, *see id.* § 43.26. Appellant pleaded guilty and, pursuant to a plea bargain agreement, received ten years' deferred adjudication community supervision for the two offenses. The State filed motions to revoke appellant's community supervision and adjudicate guilt for both offenses, alleging that appellant had violated the terms of his community supervision. Appellant pleaded not true to the allegations. After a hearing, the trial court found all of the allegations true and adjudicated appellant guilty of both underlying offenses. The trial court sentenced appellant to ten years in prison for possession of child pornography and 40 years in prison for aggravated sexual assault of child, and assessed a $1,000 fine. This appeal followed.

## II. DISCUSSION

In his sole issue, appellant contends that the sentences imposed by the trial court were disproportionate to the seriousness of the offenses, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. U.S. CONST. amend. VIII, XIV.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fine imposed, nor cruel and unusual punishment inflicted." *See* U.S. CONST. amend. VIII. The Eighth Amendment applies to punishments imposed by state courts

through the Due Process Clause of the Fourteenth Amendment. *See* U.S. CONST. amend. XIV. Yet, it is possible for this right, and every constitutional or statutory right, to be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (en banc).

Generally, to preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). The failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for our review. *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd) (providing that "by failing to object to the trial court's sentence, [the appellant] forfeited his complaint" that the sentence was cruel and unusual).

Appellant complains for the first time on appeal that his Eighth Amendment rights were violated because the sentences imposed by the trial court were cruel, unusual, and grossly disproportionate to the offense committed. The record reveals, however, that appellant did not object to the sentences during the punishment phase of the trial or in any post-trial motion.[1] Because appellant failed to object to the proportionality of

---

[1] We further note that appellant's sentence for possession of child pornography falls within the punishment range of a third-degree felony. *See* TEX. PEN. CODE ANN. § 12.34(a) (West, Westlaw 2013 through 3d C.S.) (providing that a third-degree felony carries a punishment range of two to twenty years' confinement). And appellant's sentence for aggravated sexual assault of a child falls within the punishment range for a first-degree felony. *See* id. § 12.32(a) (providing that a first-degree felony carries a punishment range of twenty to ninety-nine years' confinement). A punishment falling within the limits prescribed by a

3

sentences, appellant's argument is waived.  *See* TEX. R. APP. P. 33.1(a); *Noland*, 264

S.W.3d at 151; *Trevino*, 174 S.W.3d at 928.  We overrule appellant's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgments.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
18th day of September, 2014.

---

valid statute is not per se excessive, cruel, or unusual.  *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd).