

# NUMBER 13-09-00132-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**OMAR GUZMAN,**                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

---

### On appeal from the 105th District Court
### of Kleberg County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion by Justice Garza

Appellant Omar Guzman was convicted of unauthorized use of a motor vehicle, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.07 (Vernon 2003). Guzman pleaded guilty to the offense pursuant to a plea agreement with the State and was sentenced to two years in a state facility. The trial court suspended Guzman's sentence of confinement and placed him on community supervision for five years, which was later revoked due to Guzman's non-compliance with the terms of his community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23 (Vernon Supp. 2009). Upon revocation, Guzman was

sentenced to two years' confinement.

By one issue, Guzman contends that the punishment assessed is disproportionate to the seriousness of the alleged offense. We affirm.

## I. BACKGROUND

On December 23, 2008, the State filed an amended motion to revoke Guzman's suspended sentence from a conviction for the unauthorized use of a motor vehicle. *See* TEX. PENAL CODE ANN. § 31.07. In its motion, the State alleged that Guzman had committed six different violations of the terms of his community supervision; specifically, Guzman: (1) failed to remain within his county of residence and departed without permission from the supervision officer; (2) failed to report to his community supervision officer for the month of November 2008; (3) failed to pay $50 to the local Crime Stoppers Program; (4) failed to report any change of residence, job, or job status to his community supervision officer within 24 hours; (5) failed to complete an intensive supervision program; and (6) failed to complete 180 days of electronic monitoring. Guzman pleaded "true" to all six allegations.

The trial court granted the State's motion to revoke and sentenced Guzman to two years' imprisonment in a state jail facility. This appeal followed.[1]

## II. DISCUSSION

In his sole issue, Guzman complains that the punishment assessed is disproportionate to the seriousness of the alleged offense, in violation of the Eighth and Fourteenth amendments to the United States Constitution. *See* U.S. CONST. art. VIII. Guzman, however, did not object to his sentence at the time of sentencing or in any post-trial motion. To preserve error for appellate review, a party must present a timely

---

[1] Texas Rule of Appellate Procedure 25.2 provides that a defendant who accepted a plea bargain in a criminal case "may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2 (2). The record reflects that the trial court signed Guzman's "Certification of Defendant's Right of Appeal" on January 28, 2009.

2

objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). Because Guzman failed to specifically object to the allegedly disproportionate sentence in the trial court or in a post-trial motion, he has waived any error for our review. See *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino v. State,* 174 S.W.3d 925, 927-28 (Tex. App.–Corpus Christi 2005, pet. ref'd) ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."); *see also Figueroa v. State*, No. 13-08-00115-CR, 2009 Tex. App. LEXIS 8307, at *4 (Tex. App.–Corpus Christi Oct. 29, 2009, no pet.) (mem. op., not designated for publication) (holding that appellant did not preserve the issue of whether the punishment assessed was disproportionate where he "neither objected to his sentence nor raised the issue in his motion for new trial").

Accordingly, because Guzman did not preserve this alleged error, we overrule his sole issue.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____

_____
DORI CONTRERAS GARZA
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
20th day of May, 2010.

3