

NUMBER 13-11-00476-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

KORBIN WATTS,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Benavides

Appellant Korbin Watts appeals the trial court's sentence of life imprisonment following his guilty plea for unlawful possession of methamphetamine in an amount of four grams or more, but less than 200 grams with intent to deliver, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010). By one issue, Watts contends that the sentence imposed was in violation of the Eighth and Fourteenth

Amendments to the United States Constitution.   We affirm.

## I.     BACKGROUND[1]

Watts entered an open plea of guilty before the trial court on a charge of unlawful possession of methampethamine, in an amount of four grams or more, but less than 200 grams with intent to deliver.   *See id.*   This offense is classified as a first-degree felony, *see id.*, and carries a range of punishment from five to ninety-nine years' imprisonment or life imprisonment, as well as a fine up to $10,000.00.   *See* TEX. PENAL CODE ANN. § 12.32 (West 2011).

At Watts's plea hearing, prosecutors introduced evidence that approximately 109 grams of methamphetamines were seized by police inside of an apartment where Watts stayed.   Watts entered his plea of guilty and testified on the issue of his punishment. Watts admitted that all the drugs found by police belonged to him, and he also signed a judicial confession and stipulation for the crime charged.   Watts testified that he was arrested and spent time in jail on an unrelated aggravated robbery charge following the present charge, that he had also been charged with a federal firearm violation, and that he was awaiting a fifty-one month federal prison sentence.   After the hearing, the trial court sentenced Watts to life imprisonment. This appeal ensued.

## II.     CRUEL & UNUSUAL PUNISHMENT

In his sole issue, Watts asserts that the trial court's punishment was in violation of the Eighth Amendment's prohibition of cruel and unusual punishments.   *See* U.S. CONST. amend. VIII.

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

2

## A.    Discussion

As a prerequisite to presenting an issue on appeal, the record must show that a complaint was made to the trial court by a request, objection, or motion, which stated the specific grounds for the complaint, and the trial court ruled on the request, objection, or motion.   *See* TEX. R. APP. P. 33.1(a).   A defendant's failure to object in the trial court or through a post-trial motion about sentencing waives the issue on appeal.   *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see also Luera v. State*, No. 13-10-00657-CR, 2011 WL 3631951, at *2 (Tex. App.—Corpus Christi Aug. 18, 2011, no pet.) (mem. op., not designated for publication).   Moreover, even constitutional claims may be waived for failure to object.   *See Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Treviño v. State*, 174 S.W.3d 925, 927 (Tex. App.—Corpus Christi 2005, pet. ref'd).

Here, Watts failed to object to the trial court following his sentencing.   Watts also did not file a post-trial motion complaining about the sentence imposed.   As a result, the issue is waived.   *See Noland*, 264 S.W.3d at 151.   We overrule Watts's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
23rd day of August, 2012.