

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00293-CR

JOSE LUIS CHAVEZ                                              APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

## FROM THE 415TH DISTRICT COURT OF PARKER COUNTY
## TRIAL COURT NO. CR15-0321

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jose Luis Chavez appeals his conviction for driving while intoxicated (DWI) and twenty-year sentence. Because we conclude Chavez has defaulted his claim that his sentence was disproportionate and unconstitutionally cruel and unusual, we affirm the trial court's judgment.

---

[1]See Tex. R. App. P. 47.4.

A grand jury indicted Chavez with felony DWI, based on two prior convictions for DWI in 1980 and 2002, and alleged felony enhancements regarding Chavez's DWI conviction, "Third or More," in 2010 and his 1992 conviction for possession of twenty-nine pounds of marijuana. *See* Tex. Penal Code Ann. §§ 12.42(b), 49.04(a), 49.09(b)(2) (West Supp. 2015). Chavez pleaded guilty to the charged offense and true to the possession enhancement. In exchange, the State agreed to waive the DWI enhancement so that the available range of punishment would be for a second-degree felony, not a first-degree felony. *See id.* § 49.09(b)(2). The trial court accepted Chavez's plea, and Chavez elected to have a jury assess his punishment.

At the trial on punishment, the jury heard that Chavez stipulated to an extensive criminal history, including convictions for DWI, possession of marijuana, possession or transportation of marijuana, driving while his license was suspended, and driving while his license was invalid. Chavez called his wife and two of his children as witnesses who testified that although he was an alcoholic, Chavez was a good father, he was a good provider, and his family needs him to help support the family. The jury assessed his punishment at twenty years' confinement, the maximum length of confinement allowed for a second-degree felony. *See id.* § 12.33(a) (West 2011).

On appeal, Chavez argues that his sentence is unconstitutionally cruel and unusual and disproportionate to the crime he committed because he is a hard worker and his family needs him to help support them both monetarily and

emotionally. However, Chavez failed to object to the sentence before the jury was discharged,[2] did not object to the sentence before the trial court imposed the sentence, and did not file a motion for new trial raising this issue. Thus, he has procedurally defaulted this claim.[3] *See* Tex. R. App. P. 33.1(a)(1)(A); *Sample v. State*, 405 S.W.3d 295, 303–04 (Tex. App.—Fort Worth 2013, pet. ref'd). We overrule Chavez's sole issue and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 23, 2016

---

[2]When the trial court asked if there was "anything prior to discharge of the jury," Chavez's counsel stated that there was not.

[3]Even if properly preserved, this argument would have no merit because the sentence was within the range of applicable punishments and was not grossly disproportionate to the underlying offense in light of his extensive criminal history. *See, e.g.*, *Miles v. State*, Nos. 2-09-251-CR thru 2-09-256-CR, 2010 WL 1730862, at *2–3 (Tex. App.—Fort Worth Apr. 29, 2010, pet. ref'd) (mem. op., not designated for publication); *McCarthy v. State*, No. 03-08-00132-CR, 2009 WL 3048701, at *4 (Tex. App.—Austin Sept. 24, 2009, no pet.) (mem. op., not designated for publication); *Trevino v. State*, 174 S.W.3d 925, 928–29 (Tex. App.—Corpus Christi 2005, pet. ref'd).