

## NUMBER 13-15-00424-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

EFRAIN HERNANDEZ,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                     Appellee.

### On appeal from the 36th District Court of
### San Patricio County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Efrain Hernandez was charged with possession of cocaine.  *See* TEX.

HEALTH & SAFETY CODE ANN. § 481.115 (West, Westlaw through 2015 R.S.).  In one issue,

Hernandez argues that the punishment he received was cruel and unusual in violation of

his Eighth and Fourteenth Amendment rights.  We affirm.

## I. BACKGROUND

On May 22, 2009, Hernandez pled guilty to the offense of possession of cocaine, a state-jail felony, and was assessed punishment of two years deferred-adjudication community supervision. *See id.* On May 19, 2011, Hernandez's community supervision was extended an additional twelve months. In 2012, a motion to revoke Hernandez's community supervision was filed by the State. In 2014, Hernandez was adjudicated guilty of the offense and placed on regular community supervision for a period of two years. On June 22, 2015, the State filed another motion to revoke Hernandez's community supervision, and on September 10, 2015, Hernandez entered a plea of "true" to several allegations, including failure to report and other violations. The trial court found that his plea was made freely and voluntarily and accepted his plea. The State argued for two years' incarceration. Hernandez argued for reinstatement on probation. The trial court revoked his community supervision and sentenced him to twelve months' incarceration in the state-jail division of the Texas Department of Criminal Justice—Institutional Division. This appeal followed.

## II. CRUEL AND UNUSUAL PUNISHMENT

In his only issue on appeal, Hernandez argues that his twelve-month punishment is cruel and unusual because the sentence is grossly disproportionate to the offense committed. *See* U.S. CONST. amend. VIII.

The Eighth Amendment of the United States Constitution requires that a criminal sentence be proportionate to the crime which was committed. *See id.*; *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). "However, in order to preserve for appellate review a complaint that a sentence is grossly disproportionate,

constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *See Noland*, 264 S.W.3d at 151; TEX. R. APP. P. 33.1(a).

Hernandez never raised the issue to the trial court that his punishment was excessive, disproportionate, or cruel and unusual. He also did not file any post-trial motion to object to his sentence. In other words, Hernandez complains that his sentence is cruel and unusual for the first time on appeal. We hold that Hernandez failed to preserve his Eighth and Fourteenth Amendment complaint. *See Noland*, 264 S.W.3d at 151; *see also* TEX. R. APP. P. 33.1(a).

Moreover, even disregarding the issue of preservation, the punishment Hernandez received was not excessive or disproportionate. A state-jail felony carries a punishment range of 180 days to twenty-four months. *See* TEX. PEN. CODE ANN. § 12.35 (West, Westlaw through 2015 R.S.). Appellant received a punishment of twelve months. Punishment which falls within the limits prescribed by a valid statute is usually not excessive, cruel, or unusual. *Trevino v. State,* 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd). Therefore, we overrule his sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

Nora L. Longoria
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of July, 2016.

3