

## NUMBER 13-17-00519-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**JEFFREY DAVIS CAMPBELL JR.,**                       **Appellant,**

**v.**

**THE STATE OF TEXAS,**                              **Appellee.**

### On appeal from the 24th District Court of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Jeffrey Davis Campbell Jr. appeals his conviction, following a jury trial, for online solicitation of a minor, a second-degree felony. *See* TEX. PENAL CODE ANN. § 33.021(c), (f) (West, Westlaw through 2017 1st C.S.). The trial court sentenced Campbell to confinement for five years, plus a $10,000 fine. *See id.* § 12.33 (West,

Westlaw through 2017 1st C.S.).   In his sole issue, Campbell complains that the trial court erred in the assessed punishment because it was cruel and unusual for the alleged offense.   We affirm.

## I. BACKGROUND

Campbell, twenty-nine years old at the time, was engaged in sexually explicit, online chats with a person whom he believed to be a fourteen year old female named Rachel.   In fact, Rachel was impersonated by Sergeant Dara Bowling, a criminal investigator with the Texas Attorney General's Office.   Campbell was charged by a grand jury indictment with one count of the online solicitation of a minor.   *See id.* § 33.021(c). During trial, the State produced evidence to support the alleged offense against Campbell.[1]   The State's evidence consisted of screen shots from an online chat program called "Whisper" and testimony from Sergeant Bowling.   Exhibit number two showed a message from Sergeant Bowling to Campbell claiming Rachel was fourteen.   Exhibit number three showed an entire text log between Sergeant Bowling and Campbell. Sergeant Bowling's trial testimony corroborated these texts:

| | |
|---|---|
| Q [State's counsel]: | Now, at 6:08 [on April 27, 2016] what does the defendant text you? |
| A [Sergeant Bowling]: | Are you really 14? |
| Q [State's counsel]: | When the defendant asks you are you really 14, what is your response at 6:08? |
| A [Sergeant Bowling]: | I say, yeah, but I will be 15 in July. |
| Q [State's counsel]: | And what is the defendant's response after you confirm that you're 14? |

---

[1] The State submitted numerous exhibits and testimony at trial that are not at issue in this appeal. The relevant evidence here are exhibits two and three and the testimony of Sergeant Bowling.

| | |
|---|---|
| A [Sergeant Bowling]: | Cool.   I don't mind if you don't. |
| Q [State's counsel]: | And then at 6:09 p.m. what does the defendant say also? |
| A [Sergeant Bowling]: | You're what I've always wanted. |
| Q [State's counsel]: | Now, at 6:10 p.m. what does the defendant text you? |
| A [Sergeant Bowling]: | Could we go on a date one day?   Because . . . Oh, it looks like he had replied to my previous text of asking him why do you say that.   He said because you just are. |
| . . . . | |
| Q [State's counsel]: | Now, at 5 p.m. [on May 17, 2016] what does the defendant text you? |
| A [Sergeant Bowling]: | He says when you feel my warm dick go in your body you'll know what all the fuss is about. |
| Q [State's counsel]: | And also at 5:16 what does the defendant say? |
| A [Sergeant Bowling]: | This really is my ultimate sexual fantasy, I hope you're serious. |
| Q [State's counsel]: | Now, at 5:41 p.m. what does the defendant text you? |
| A [Sergeant Bowling]: | He [Campbell] texts if anything bad happens you told me you were 18. |

The jury returned a guilty verdict against Campbell.   This appeal followed.

## II. DISCUSSION

Campbell's sole issue is that the trial court erred when it assessed punishment that was cruel and unusual.   According to Campbell, he did not believe he was communicating online with an adult female, but was participating in a fantasy-type game

3

called "age play." Further, he notes that he suffers from cystic fibrosis, a debilitating disease that will shorten his life span and, because of this, his sentence should be probated for a term of ten years community supervision. He concedes that he did not object to his sentence in the trial court.

We review the trial court's assessment of punishment for an abuse of discretion. *See Quintana v. State*, 777 S.W.2d 474, 479–80 (Tex. App.—Corpus Christi 1989, writ ref'd). The Eighth Amendment of the United States Constitution states that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd). Failure to preserve error this way results in a waiver of a criminal defendant's Eighth Amendment right. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008)

Here, Campbell did not object when the trial court pronounced his sentence, and he did not raise the issue in a motion for new trial. Therefore, Campbell has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1(a). Regardless, we note that even had Campbell preserved this issue, his five-year sentence and $10,000 fine were within the range of punishment prescribed by statute for a second-degree felony conviction. *See* TEX. PENAL CODE ANN. § 12.33. And punishments within the statutory limit are generally not found to be excessive, cruel, or unusual. *See State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *see also Ex parte Chavez*, 213 S.W.3d 320,

323–24 (Tex. Crim. App. 2006) (explaining that the trial court's discretion to impose a sentence within the statutory range is "essentially unfettered"). Campbell's issue is overruled.

### III. CONCLUSION

The trial court's judgment is affirmed.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of June, 2018.