

# NUMBER 13-17-00242-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RASHAD RUDOLPH,                                                Appellant,

v.

THE STATE OF TEXAS,                                           Appellee.

### On appeal from the 2nd 25th District Court
### of Gonzales County, Texas.

# MEMORANDUM OPINION

## Before Justices Contreras, Longoria, and Hinojosa
## Memorandum Opinion by Justice Hinojosa

Appellant Rashad Rudolph appeals from a judgment revoking community supervision and adjudicating guilt on one count of aggravated assault with a deadly weapon, a second-degree felony. *See* Tex. Code Crim. Proc. Ann. arts. 42A.751, .755 (West, Westlaw through 2017 1st C.S.); Tex. Penal Code Ann. § 22.02(a)(2) (West,

Westlaw through 2017 1st C.S.). The trial court sentenced Rudolph to confinement for eighteen years with credit for time spent in the county jail. In Rudolph's sole issue, he complains that the punishment assessed was excessive and more than necessary to accomplish sentencing objectives.[1] We affirm.

## I. BACKGROUND

Rudolph was charged by indictment with three counts of committing aggravated assault with a deadly weapon and one count of tampering with or fabricating physical evidence. TEX. PENAL CODE ANN. §§ 22.02(a)(2), 37.09(a)(1) (West, Westlaw through 2017 1st C.S.). Rudolph waived his right to a trial by jury and pled guilty to three counts of aggravated assault in exchange for the State's dismissal of the remaining count. The trial court accepted Rudolph's guilty plea, deferred adjudication, placed him on community supervision for seven years, and assessed a $1,000 fine. The terms of the trial court's community supervision order required, among other things, that Rudolph not commit any criminal offense or violate any law of Texas, any other State, or the United States. The community-supervision terms also required Rudolph to periodically report to a community supervision officer (CSO), inform the CSO of any change in employment or residence, inform the CSO if he is arrested for any reason, cooperate with the State in his co-defendants' trials, and obtain a permit to travel outside of Gonzales County or New Orleans, Louisiana. Our review of the record reveals that at some point Rudolph relocated to Georgia and that he was required to report to a probation office in that state.

---

[1] Rudolph also argues that "his substantive and procedural due process rights were violated when the court imposed the eighteen-year sentence." Rudolph fails to support this contention with authority. Therefore, we decline to address this argument as it is inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

Approximately three years later, the State filed a motion to adjudicate guilt and revoke community supervision.   In its motion, the State alleged that Rudolph had violated the terms of his community supervision by:   (1) committing the criminal offense of resisting arrest without violence in Santa Rosa County, Florida; (2) failing to report as instructed by his CSO to the Georgia Probation Department; (3) failing to obtain an overnight travel permit from his CSO in Georgia while in Pensacola, Florida; and (4) failing to inform his CSO the next business day that he was questioned by an officer with the Pensacola Florida Police Department.[2]   At the hearing on the motion, Rudolph pleaded "not true" to all allegations brought by the State.

At the revocation hearing, the State called Kim Davis, a unit supervisor with the Gonzales County Probation Department, to testify.   The State asked Davis if Rudolph had "permission to travel to Florida."   Davis responded that Rudolph did not have permission to travel to Florida.   Davis testified that her department received information from the Pensacola Police Department regarding Rudolph being interviewed and a DNA sample being taken.   According to Davis, Rudolph's case was transferred to Georgia but he never reported to the Probation Department in Georgia and thus the department rejected his case.   The State also introduced into evidence an arrest report record from Santa Rosa County, Florida.   The arrest report listed Rudolph being arrested for possession of a firearm, grand theft of a motor vehicle, resisting arrest, and obstruction without violence.   Along with the arrest report, the State introduced as evidence a guilty plea based on the charges of one count of resisting arrest, one count of obstruction

---

[2] The State also alleged numerous instances of Rudolph's failure to pay fines and fees.   The violation of those terms is not at issue in this appeal.

without violence, and one count of giving a false identification to a law enforcement officer.

In his testimony, Rudolph admitted to: (1) being convicted of one count of resisting arrest, one count of obstruction without violence, and one county of giving a false identification to a law enforcement officer in Santa Rosa County, Florida; (2) failing to "ever" report to the Georgia Probation Department; and (3) going to Florida, without an overnight travel permit, to get his baby out of a "bad environment". Rudolph stated he tried to contact his CSO the next day after being questioned by Pensacola police officers, but received no answer.

The trial court found that Rudolph violated the terms of community supervision by, among other things: (1) committing the offense of resisting arrest without violence in Santa Rosa County, Florida; (2) failing to report as instructed by his CSO to the Georgia Probation Department; and (3) failing to obtain an overnight travel permit from his CSO in Georgia while in Pensacola, Florida. It sentenced Rudolph to confinement for eighteen years for three counts of aggravated assault with a deadly weapon. This appeal followed.

## II. DISCUSSION

Rudolph's sole issue is that the trial court erred in assessing punishment that was excessive and more than necessary to accomplish sentencing objectives. According to Rudolph, the trial court's assessment of eighteen years' confinement was not appropriate because: (1) a sentence of five to seven years would have accomplished all of the sentencing objectives; (2) Rudolph should not be punished for trying to retrieve his baby, in an emergency situation, out of a bad environment; and (3) the court failed to give proper

weight to Rudolph's compliance with the State.

We review the trial court's assessment of punishment for an abuse of discretion. *See Quintana v. State*, 777 S.W.2d 474, 479–80 (Tex. App.—Corpus Christi 1989, writ ref'd). The Eighth Amendment of the United States Constitution states that "excessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. To preserve a complaint of disproportionate or excessive sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd). Failure to preserve error this way results in a waiver of a criminal defendant's Eighth Amendment right. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008).

Here, Rudolph did not object when the trial court pronounced his sentence, nor did he raise the issue in a motion for new trial. Therefore, Rudolph has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1(a). Regardless, we note that even had Rudolph preserved this issue, his eighteen year sentence was within statutory sentencing prescribed for his second-degree felony conviction. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 22.02(a)(2) (West, Westlaw through 2017 1st C.S.). And punishments within the statutory limit are generally not found to be excessive, cruel, or unusual. *See State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *see also Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (explaining that the trial court's discretion to impose a sentence within the statutory range is "essentially unfettered"). Rudolph's sole issue is overruled.

5

### III. Conclusion

The trial court's judgment is affirmed.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of July, 2018.