

# NUMBER 13-21-00418-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **CRYSTAL HERNANDEZ,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 36th District Court
### of San Patricio County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Silva**
**Memorandum Opinion by Justice Hinojosa**

Appellant Crystal Hernandez appeals the trial court's judgment revoking her community supervision and adjudicating her guilty of two counts of assault of a public servant, third-degree felonies. *See* TEX. PENAL CODE ANN. § 22.01(b)(1). In one issue, Hernandez argues that her sentence of concurrent seven-year prison terms constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States

Constitution. *See* U.S. CONST. amend. VIII. We affirm.

## I.    BACKGROUND

A grand jury returned an indictment charging Hernandez with two counts of assaulting a public servant. *See id.* Hernandez pleaded guilty pursuant to a plea agreement, and the trial court placed her on deferred adjudication community supervision for five years. The State later filed a motion to adjudicate guilt[1], alleging Hernandez violated her community supervision conditions by: (1–3) committing the offenses of possession of a controlled substance in penalty group 1 in an amount less than one gram, possession of drug paraphernalia, and public intoxication; (4–6) failing to report her arrest for the aforementioned offenses; (7) failing to report to her community supervision officer; (8) failing to complete an outpatient psychiatric treatment program; and (9–10) failing to pay fees and fines.

At the adjudication hearing, Hernandez pleaded true to each alleged violation. The trial court admitted two exhibits: (1) "Stipulation and Waiver of Pre-Sentence Report"; and (2) "Stipulation and Judicial Confession." Hernandez testified that she agreed that the trial court should revoke her community supervision and adjudicate her guilty. However, she requested that the trial court consider sentencing her to "the least amount of time possible[.]"

---

[1] The State filed two prior motions to adjudicate guilt, which resulted in the trial court amending Hernandez's community supervision conditions.

The trial court found each alleged violation to be true, revoked Hernandez's community supervision, adjudicated her guilty on both counts of assault of a public servant, and sentenced Hernandez to concurrent terms of seven years' imprisonment. This appeal followed.

## II. CRUEL & UNUSUAL PUNISHMENT

In her sole issue, Hernandez argues that her punishment is excessive in light of the offense and thus unconstitutional. Hernandez maintains that a sentence of three years is more appropriate because she has no prior felony convictions and she caused only minor injuries to the police officers she assaulted.

### A. Applicable Law

An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (providing that a sentence is unlikely to

3

be disturbed on appeal if it is assessed within the legislatively determined range).

To preserve for appellate review a complaint that a sentence constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (holding that to preserve a disproportionate-sentencing complaint, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (same).

## B.    Analysis

Hernandez did not object in the trial court that her sentences were disproportionate to the offenses charged or in violation of her constitutional rights. *See* TEX. R. APP. P. 33.1. Furthermore, the trial court's seven-year sentence falls within the statutory prescribed punishment range for third-degree felonies. *See* TEX. PENAL CODE ANN. § 12.34(a) ("An individual adjudged guilty of a felony of the third degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years."). Accordingly, we hold that Hernandez failed to preserve this complaint for our review. *See Smith*, 721 S.W.2d at 855; *Trevino*, 174 S.W.3d at 927–28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial

4

objection."). We overrule Hernandez's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
24th day of March, 2022.