

# NUMBER 13-24-00098-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE MATTER OF T.T.M.B, A JUVENILE

## ON APPEAL FROM THE COUNTY COURT AT LAW
## OF SAN PATRICIO COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant T.T.M.B. (Thomas),[1] whose conduct had been previously adjudicated as delinquent, asserts the juvenile court's modification of his probation to a placement at a secure, post-adjudication juvenile facility constitutes cruel and unusual punishment. *See* U.S. CONST. amend. VIII. We affirm.

---

[1] Thomas is a fifteen-year-old juvenile. In appeals involving juvenile cases, we refer to a minor child and their relatives by their initials or an alias. TEX. R. APP. P. 9.8(c).

## I.  BACKGROUND

On October 18, 2023, Thomas was adjudicated for evading arrest or detention with a motor vehicle, *see* TEX. PENAL CODE ANN. § 38.04(b)(1)(B), and possession of marijuana in an amount of two ounces or less. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1). The juvenile court placed Thomas on probation with the San Patricio County Juvenile Probation Department (the Department).[2] As part of Thomas's probation conditions, he was ordered to reside at Serving Children and Adults in Need (SCAN), obey all the rules of the facility, and remain at the facility until successfully discharged. Less than two months later, Thomas was unsuccessfully discharged from SCAN, and the State filed a motion to modify disposition. The State's motion alleged that Thomas had violated several conditions of his probation, namely, absconding SCAN after assaulting another resident.

Following a hearing, wherein Thomas pleaded true to the allegations, the juvenile court found that Thomas had violated the conditions of his probation and needed further rehabilitation. The juvenile court ordered placement at Amador R. Rodriguez Academic and Vocational Center, a secure, post-adjudication juvenile facility, which provides education and trauma-based counseling for males between the ages of fourteen and seventeen.

This appeal followed.

---

[2] On September 19, 2023, an officer attempted to initiate a traffic stop after observing Thomas driving eighty-five miles per hour in a thirty-five mile per hour zone. In response, Thomas accelerated up to 120 miles per hour before crashing his vehicle. Neither Thomas nor his passenger, another minor, were injured. Marijuana was found inside the vehicle near the driver's seat.

## II.   CRUEL AND UNUSUAL PUNISHMENT

Thomas argues the juvenile court's requirement that he attend a secure, post-adjudication juvenile facility "violates the Cruel and Unusual Punishment Clause of the Eighth and Fourteenth Amendments to the United States Constitution and article I, section 13 of the Texas Constitution." Specifically, Thomas contends that considering the facts and circumstances involved, the juvenile court's modification is grossly disproportionate to the underlying offenses and violations.[3]

An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–23 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *see also Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (acknowledging that the Eighth Amendment is applicable to the states by virtue of the Fourteenth Amendment (citing *Robinson v. California*, 370 U.S. 660, 666–67 (1962))). A successful challenge to proportionality is exceedingly rare

---

[3] According to a psychosocial evaluation report submitted prior to adjudication, Thomas's parents separated when he was an infant due to his mother's methamphetamine use, and he resided with his father from infancy until his detainment in September 2023. Thomas's mother committed suicide in November 2022, and Thomas disclosed that prior to and following his mother's passing, he used illicit substances, including alcohol, Xanax, marijuana, acid, and mushrooms. Thomas's school records indicate that Thomas was skipping classes, falling below academic benchmarks, and had been sent to in-school suspension four times in the nearly two months between the start of the school year and when he was first detained. Additionally, during the one-month period that Thomas was in detention awaiting adjudication, Thomas accumulated over fifteen incident reports for refusing to follow staff instructions. While awaiting the modification hearing, Thomas received "over 4" incident reports.

and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd). This is also true where such claims are raised in juvenile cases, which while classified as civil proceedings, are quasi-criminal in nature. *In re H.V.*, 252 S.W.3d 319, 323 (Tex. 2008) ("Juvenile cases, though classified as civil proceedings, are quasi-criminal in nature and frequently concern constitutional rights and procedures normally found only in criminal law."); *see also Ex parte T.W.A.*, No. 10-22-00022-CV, 2022 WL 3655150, at *2 (Tex. App.—Waco Aug. 24, 2022, no pet.) (mem. op.) ("[I]t is not improper to use criminal case authority, statutes, or rules to dispose of an issue in a juvenile case appeal; and we will use the same when necessary."). Thus, we examine a juvenile's claim of cruel and unusual punishment in the context of criminal confinement. *See In re H.V.*, 252 S.W.3d at 323.

Assuming arguendo that a modification of probation conditions ordering residency at an inpatient facility constitutes a punishment for purposes of Eighth Amendment protections,[4] to preserve a complaint that a punishment is grossly disproportionate or cruel and unusual for appellate review, a complainant must present to the trial court a "timely request, objection, or motion" stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a)(1); *see Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App.

---

[4] Thomas cites to no cases, nor do we find any, which hold that Eighth Amendment protections extend to probation orders to an inpatient facility. However, we acknowledge "[t]he Eighth Amendment's prohibition of cruel and unusual punishment 'guarantees individuals the right not to be subjected to excessive sanctions.'" *Miller v. Alabama*, 567 U.S. 460, 469 (2012) (quoting *Roper v. Simmons*, 543 U.S. 551, 560 (2005)); *but see Harrison v. State*, No. 09-98-134CR, 1999 WL 160825, at *3 (Tex. App.—Beaumont Mar. 24, 1999, no pet.) (mem. op., not designated for publication) (concluding that an order modifying an adult defendant's probation conditions requiring inpatient mental health services was "[f]ar from violating the Eighth Amendment to the United States Constitution" and "not punishment at all").

1986) ("It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object."); *see also In re J.M.E.*, No. 04-19-00062-CV, 2020 WL 86212, at *3 (Tex. App.—San Antonio Jan. 8, 2020, no pet.) (mem. op.) (concluding juvenile forfeited his Eighth Amendment complaint by failing to make an objection in the juvenile court); *In re M.N.*, No. 02-18-00044-CV, 2019 WL 1715981, at *6 n.3 (Tex. App.—Fort Worth Apr. 18, 2019, no pet.) (mem. op.) (same); *In re P.D.W.*, No. 12-17-00197-CV, 2017 WL 6350143, at *1 (Tex. App.—Tyler Dec. 13, 2017, no pet.) (mem. op.) (same).

At no time prior to this appeal did Thomas argue that the juvenile court's modification order requiring residency at a secure facility was disproportionate to the previously adjudicated offenses or his probation condition violations nor did he argue the order was in violation of his constitutional rights. Accordingly, Thomas failed to preserve his complaint for review. *See* TEX. R. APP. P. 33.1(a); *Smith*, 721 S.W.2d at 855; *see also In re J.M.E.*, 2020 WL 86212, at *3. We overrule Thomas's sole issue.

### III.   CONCLUSION

We affirm the juvenile court's order.

CLARISSA SILVA
Justice

Delivered and filed on the
9th day of May, 2024.

5