

# NUMBER 13-17-00357-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CRUZ FAVELA III,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

### On appeal from the 156th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Cruz Favela III appeals from a judgment revoking community supervision and adjudicating guilt on four counts of injury to a child by omission, a third-degree felony. *See* TEX. CODE CRIM. PROC. ANN. arts. 42A.751, .755 (West, Westlaw through 2017 1st C.S.); TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (West, Westlaw through

2017 1st C.S.).   The trial court sentenced Favela to confinement for six years with credit for time spent in the county jail.   In Favela's sole issue, he complains that the punishment assessed was excessive and more than necessary to accomplish sentencing objectives.[1] We affirm.

## I. BACKGROUND

Favela was charged by indictment with four counts of committing injury to a child by omission.   *See* TEX. PENAL CODE ANN. § 22.04(a)(3).   Favela waived his right to a trial by jury and pleaded guilty to all four counts.   The trial court accepted Favela's guilty plea, deferred adjudication, and placed him on community supervision for five years.   The terms of the trial court's community supervision order required, among other things, that Favela abstain from the use of controlled substances or dangerous drugs in any form that are not prescribed, abstain from the consumption or possession of alcohol in any form, and not possess or use a firearm.

Slightly less than five years later, the State filed a motion to amend the conditions of Favela's community supervision.   The State requested an extension of Favela's community supervision for two years because of drug or alcohol abuse.   The trial court granted the State's motion, affirmatively finding that Favela violated the terms of his community supervision.

Approximately a year and a half later, the State filed a motion to adjudicate guilt and revoke community supervision.   In its motion, the State alleged that Favela had

---

[1] Favela also argues that "his substantive and procedural due process rights were violated when the court imposed the six-year sentence."   Favela fails to support this contention with authority. Therefore, we decline to address this argument as it is inadequately briefed.   *See* TEX. R. APP. P. 38.1(i).

2

violated the terms of his community supervision by knowingly possessing, with the intent to deliver, more than four but less than two-hundred grams of heroin and possessing a firearm.[2]   At the hearing on the motion, Favela pleaded "true" to all allegations brought by the State.

At the revocation hearing, the State introduced a report by Detective Orlando Vasquez of the Robstown Police Department for Favela's arrest and a signed verification from Favela stating that he possessed heroin and a firearm.   Detective Vasquez effected a search and arrest warrant for Favela at a residence in Robstown.   In Detective Vasquez's police report, he recounted finding black tar heroin and a .410 shotgun. Favela admitted to Detective Vasquez that the heroin was for personal use and the firearm was given to him by a friend.   Detective Vasquez's report also stated that some of Favela's children were at the residence.

The trial court found that Favela violated the terms of community supervision by, among other things, knowingly possessing, with the intent to deliver, black tar heroin and possessing a firearm.   It sentenced Favela to confinement for six years on four counts of injury to a child by omission, with the sentences for each count to run concurrently.   This appeal followed.

## II. DISCUSSION

Favela's sole issue is that the trial court erred in assessing punishment that was excessive and more than necessary to accomplish sentencing objectives.   According to Favela, the trial court's assessment of six years' confinement was not appropriate

---

[2] The State also alleged numerous instances of Favela's failure to pay fines and fees.   The violation of those terms is not at issue in this appeal.

because reinstating probation would have accomplished all of the sentencing objectives and the trial court failed to give proper weight to Favela's compliance with the State.

We review the trial court's assessment of punishment for an abuse of discretion. *See Quintana v. State*, 777 S.W.2d 474, 479–80 (Tex. App.—Corpus Christi 1989, writ ref'd). The Eighth Amendment of the United States Constitution states that "excessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. To preserve a complaint of disproportionate or excessive sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd). Failure to preserve error this way results in a waiver of a criminal defendant's Eighth Amendment right. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008).

Here, Favela did not object when the trial court pronounced his sentence, nor raise the issue in a motion for new trial. Therefore, Favela has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1(a). Regardless, we note that even had Favela preserved this issue, his six year sentence was within statutory sentencing prescribed for his third-degree felony conviction. *See* TEX. PENAL CODE ANN. §§ 12.34(a), 22.04(a)(3) (West, Westlaw through 2017 1st C.S.). And punishments within the statutory limit are generally not found to be excessive, cruel, or unusual. *See State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *see also Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (explaining that the trial court's discretion to impose a sentence within the statutory range is "essentially unfettered"). Favela's sole issue is

4

overruled.

### III. Conclusion

The trial court's judgment is affirmed.

LETICIA HINOJOSA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
5th day of July, 2018.