

# NUMBER 13-17-00481-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ADRIAN CAMPOS,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 319th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Rodriguez**

By one issue, appellant Adrian Campos argues that the trial court's sentence of ten years is a cruel and unusual punishment for the offense of aggravated assault. We affirm.

# I. BACKGROUND

Campos was indicted for aggravated assault with a deadly weapon, a felony of the second degree. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West, Westlaw through 2017 1st C.S.). Included in the indictment was an enhancement paragraph alleging that Campos had previously been finally convicted of a felony offense. *See id.* § 12.42(b) (West, Westlaw through 2017 1st C.S.). Campos pleaded guilty as charged pursuant to a plea agreement. The trial court deferred the adjudication of guilt and placed Campos on community supervision for a period of five years.

In December of 2016, the State filed a motion to revoke Campos's community supervision. That motion was later dismissed without a hearing. In June of 2017, the State filed a second motion to revoke Campos's community supervision. The motion alleged that Campos had committed multiple violations of the terms of his community supervision: twice committing the offense of public intoxication in May of 2017; leaving the county without permission; failing to pay certain fees; and failing to report his public intoxication arrests to the community supervision department.

At the hearing on the State's motion, the trial court heard testimony from Campos, his probation officer, and the two officers who arrested him for public intoxication on May 22 and 24, respectively. At the conclusion of the evidence, the trial court found the State's allegations true and revoked Campos's community supervision. The court enhanced punishment to a first-degree felony and sentenced Campos to ten years' confinement. *See id.* Campos did not object that this sentence was excessive,

disproportionate, or in any way cruel or unusual, and he did not subsequently file a motion for new trial.   Campos appeals.

## II.   DISCUSSION

By his sole issue, Campos argues that his sentence is cruel and unusual.   He argues that the trial court revoked his community supervision based on mere technical violations and that his ten-year sentence is excessive and grossly disproportionate relative to these minor violations.

### A.   Standard of Review

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."   U.S. CONST. amend. VIII.   A punishment within the limits prescribed by a valid statute "is not, per se, prohibited as cruel, unusual, or excessive."   *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd).   When a sentence is within the prescribed statutory range set down by the legislature, sentencing authorities have nearly unfettered discretion to impose any punishment within that range.   *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006).

### B.   Preservation

To preserve error for appellate review, a timely and specific objection is required. TEX. R. APP. P. 33.1(a); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). When the sentence imposed is within the punishment range and not illegal, the failure to specifically object in open court or in a post-trial motion waives any error on appeal. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc); *Noland v.*

*State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Trevino*, 174 S.W.3d at 927–28.

Here, Campos's punishment falls within the range of punishment for a second-degree felony that is punished as a first-degree felony pursuant to an enhancement. *See* TEX. PENAL CODE ANN. §§ 12.32(a); 12.42(b) (West, Westlaw through 2017 1st C.S.). Campos concedes that he failed to present his Eighth Amendment argument to the trial court in any form. Thus, by failing to object to the trial court's sentence below, Campos has forfeited his complaint on appeal. *See Trevino*, 174 S.W.3d at 928.

We overrule Campos's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of August, 2018.

4