

# NUMBER 13-21-00024-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KENNETH WAYNE GLAWSON,                                           **Appellant,**

**v.**

THE STATE OF TEXAS,                                              **Appellee.**

### On appeal from the 377th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

Appellant Kenneth Wayne Glawson appeals the trial court's judgment revoking his community supervision and adjudicating him guilty of assault on a public servant, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(1). In one issue, Glawson argues that the trial court's sentence of a five-year prison term constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. *See*

U.S. CONST. amend. VIII. We affirm.

## I. BACKGROUND

A grand jury indicted Glawson for assaulting a law enforcement officer on September 20, 2018. *See* TEX. PENAL CODE ANN. § 22.01(b)(1). On January 23, 2019, Glawson pleaded guilty pursuant to a plea agreement, and the trial court placed him on deferred adjudication-community supervision for five years. The trial court also assessed a $1,000 fine and ordered Glawson to complete one-hundred hours of community service.

In 2019, the State filed eight separate motions to amend the terms of Glawson's community supervision.[1] On October 13, 2020, the State filed a motion to revoke Glawson's community supervision and adjudicate guilt, alleging Glawson violated his community supervision conditions by: (1) committing the offense of public intoxication on September 29, 2020 (violation of condition #1); (2-3) failing to stay away from places where alcoholic beverages are sold, and abstaining from the use of substances capable of causing intoxication (two violations of condition #2); and (4-6) failing to pay fees and fines (violation of conditions #17, #18, and #21).

---

[1] On January 25, 2019, the State filed its first motion to amend the terms of the community supervision, requesting a continuous alcohol monitor and participation in a specialized substance abuse caseload and recovery outreach program. On February 7, 2019, the State filed its second motion to amend Glawson's community supervision terms, requesting substance abuse counseling and treatment from the Gulf Bend Center. On February 19, 2019, the State requested an in-residence alcohol/drug rehabilitation program in its third motion to amend community supervision terms. On June 6, 2019, the State filed its fourth motion to amend, requesting participation in the Billy T. Cattan Recovery Outreach program. On July 29, 2019, the State moved the Court to require that Glawson serve a term at an Intermediate Sanction Facility (ISF) as part of his community supervision. On November 18, 2019, the State filed a motion to amend to add that Glawson must reimburse Victoria County for his court-appointed attorney in the amount of $300.00. That same day, it filed another motion to amend requesting that Glawson participate in another program at the Billy T. Cattan Recovery Outreach program. Finally, on December 2, 2019, the State filed its eighth motion to amend the terms of Glawson's community supervision, requesting that Glawson remain in a Substance Abuse Felony Punishment Facility (SAFPF) for a period of ninety days to twelve months, to be determined by the court.

At the adjudication hearing, Glawson pleaded "not true" to the charge of public intoxication but pleaded true to the remaining allegations. After hearing testimony from Victoria Police Officer Steven Castaneda, who arrested Glawson for public intoxication when Glawson drove the wrong way through a Taco Bell drive-thru lane, SAFPF Coordinator Suguey Guevara, and Glawson himself, the trial court found all the allegations to be true by a preponderance of the evidence. The trial court revoked Glawson's community supervision, adjudicated him guilty, and sentenced him to five years' imprisonment in the Texas Department of Criminal Justice.

Although Glawson did not object to the sentence at the revocation hearing, he filed a motion for new trial asserting cruel and unusual punishment. There is no evidence in the record that the motion for new trial was presented to the trial court. *See* TEX. R. APP. P. 21.6. The motion was eventually overruled by operation of law. This appeal ensued.

## II.    CRUEL & UNUSUAL PUNISHMENT

In his sole issue, Glawson argues that his punishment is excessive in light of the offense, and thus unconstitutional. Glawson maintains that a lower sentence is more appropriate because he suffers from alcohol addiction and "it is clear that [he] was suffering from some type of mental disease or defect."

### A.    Applicable Law

An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing

*Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991)); *see* U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (providing that a sentence is unlikely to be disturbed on appeal if it is assessed within the legislatively determined range).

To preserve for appellate review a complaint that a sentence constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* Tex. R. App. P. 33.1(a); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (holding that to preserve a disproportionate-sentencing complaint, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (same). To preserve an issue by motion for new trial, a defendant must present the motion to the trial court. *See* Tex. R. App. P. 21.6. "The defendant cannot merely file the motion for new trial, but must ensure that the trial court has actual notice of the motion." *See Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd). "Actual notice may be shown by such things as the judge's signature or notation on a proposed order or by a hearing date

set on the docket." *Id*.

## B.   Analysis

Here, Glawson did not object to the length of his sentence at the time it was pronounced in court. *See* TEX. R. APP. P. 33.1(a). Although he filed a motion for new trial to bring this issue to the court's attention, there is no evidence of presentment of the motion in this record. *See* TEX. R. APP. P. 21.6. There is no entry on the trial court's docket sheet, no record of a hearing being set or held, no signature by the judge on the motion, or any other indication that the trial court knew that a motion for new trial had been filed. *See Richardson*, 328 S.W.3d at 72. Accordingly, we find that this issue has not been preserved for our review. *See* TEX. R. APP. P. 33.1.[2] We overrule Glawson's sole issue.

### III.   CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
24th day of March, 2022.

---

[2] We further note that, even if error had been preserved, the five-year sentence was well within the statutorily prescribed punishment range for third-degree felonies. *See* TEX. PENAL CODE ANN. § 12.34(a) ("An individual adjudged guilty of a felony of the third degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years.").