

# NUMBER 13-21-00112-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUSTIN CRAIG CAMERON,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## On appeal from the 319th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant Justin Craig Cameron appeals the trial court's judgment revoking his community supervision, adjudicating him guilty of aggravated assault with a deadly weapon, a second-degree felony, and sentencing him to eight-years' confinement in the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ). *See* TEX. PENAL CODE ANN. §§ 12.33(a), 22.02(a)(2), (b). Appellant argues the trial court's eight-

year prison sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. *See* U.S. CONST. amend. VIII. We affirm.

## I. BACKGROUND

On April 24, 2019, appellant pleaded guilty to aggravated assault with a deadly weapon pursuant to a plea agreement, and the trial court placed him on deferred-adjudication community supervision for five years. The State filed its first motion to adjudicate guilt on March 16, 2020, and then filed an amended motion on May 21, 2020. At a hearing on June 23, 2020, appellant pleaded true to all the alleged violations and the trial court continued him on community supervision. Among other things, the terms of his supervision required appellant to serve a term of confinement and treatment at a Substance Abuse Felony Punishment Facility (SAFPF).

On February 22, 2021, the State filed another motion to adjudicate guilt, alleging eight violations of appellant's community supervision terms. Specifically, the State alleged that appellant: (1) failed to attend or participate in a required treatment program at SAFPF on November 18, 2020; (2) created a disturbance at the SAFPF on November 18, 2020; (3–4) created a disturbance at the SAFPF on December 22, 2020; (5) failed to attend or participate in a required treatment program at the SAFPF on December 22, 2020; (6) assaulted a SAFPF staff member without a weapon on December 23, 2020; (7) was unsuccessfully discharged from the SAFPF; and (8) failed to successfully complete the SAFPF Program as ordered by the trial court.

At the adjudication hearing on April 8, 2021, appellant pleaded "not true" to all of the allegations. After hearing testimony from appellant's probation officer, the trial court

2

found all the allegations true. The trial court revoked appellant's community supervision, adjudicated him guilty, and sentenced him to eight years' imprisonment in TDCJ.

On April 15, 2021, appellant filed his notice of appeal. On April 21, 2021, appellant filed a motion for a new trial in the trial court arguing that his eight-year sentence was excessive under the Eighth Amendment. *See* U.S. CONST. amend. VIII. This appeal followed.

## II. CRUEL & UNUSUAL PUNISHMENT

In his sole issue, appellant argues his punishment is excessive in light of the offense and thus unconstitutional. Appellant maintains that a sentence of two years is more appropriate because he "suffers from some type of mental disease or defect."

### A. Applicable Law

An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (providing that a sentence is unlikely to be disturbed on appeal if it is assessed within the legislatively determined range).

To preserve for appellate review a complaint that a sentence constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (holding that to preserve a disproportionate-sentencing complaint, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (same).

Further, to preserve an issue by motion for new trial, a defendant must present the motion to the trial court. *See* TEX. R. APP. P. 21.6. "The defendant cannot merely file the motion for new trial, but must ensure that the trial court has actual notice of the motion." *Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd). "Actual notice may be shown by such things as the judge's signature or notation on a proposed order or by a hearing date set on the docket." *Id.*

## B. Analysis

Here, appellant did not object to the length of his sentence at the time it was pronounced in court. *See* TEX. R. APP. P. 33.1(a). Although he later filed a motion for new trial complaining of a disproportionate sentence, appellant did not present any evidence in his motion for new trial to support his contention. *See* TEX. R. APP. P. 21.6. There is no entry on the trial court's docket sheet, no record of a hearing being set or held, no signature by the judge on the motion, or any other indication that the court knew that a motion for new trial had been filed. *See Richardson*, 328 S.W.3d at 72. Accordingly, we

4

find that this issue has not been preserved for our review. *See* TEX. R. APP. P. 33.1. We also note that, even if error had been preserved, the eight-year sentence is well within the statutorily prescribed range for second-degree felonies. *See* TEX. PENAL CODE ANN. § 12.33(a) ("An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years."). The eight-year sentence, thus, is a not cruel and unusual punishment. We overrule appellant's sole issue.

### III.  CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
23rd day of June, 2022.

5